UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | |
|---|---|
| JEAN JONES, § | |
| § | |
| § | CASE NUMBER: 1:16-cv-00572 |
| v. § | |
| § | |
| PORTFOLIO RECOVERY § | **DEMAND FOR JURY TRIAL** |
| ASSOCIATES LLC § | |
| PORTFOLIO SERVICES, LLC, and § | |
| WESTERN SURETY COMPANY § | |
| § | |
| DEFENDANTS. § | |

## PLAINTFF'S ORIGINAL COMPLAINT

1. Plaintiff JEAN JONES ("Plaintiff" or "Jones") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), as well as under the Texas Debt Collection Act, Tex. Finance Code § 392.001, et seq. ("TDCA"), to obtain statutory damages, injunctive relief, declaratory relief, and other relief for the Defendant's violations of the FDCPA and the TDCA.

2. Defendant, PORTFOLIO RECOVERY ASSOCIATES LLC ("PRA") attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on a Synchrony Bank consumer credit account. The obligation ("Debt") required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof, and the same were primarily for personal, family, or household purposes.

## JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., against Defendant for engaging in unfair or deceptive acts or practices in

violation of the FDCPA, 15 U.S.C. § 1692 and out of the invasions of Plaintiff's personal privacy by Defendant and their agents in their illegal efforts to collect a consumer debt.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court for the Western District of Texas, Austin Division because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## THE PARTIES

6. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Defendant, PRA is a collection agency, based in Norfolk, Virginia, and is in the business of collecting consumer debts in the Western District of Texas.

8. The principal purpose of PRA's business is the collection of consumer debts using the mail and telephone. PRA regularly attempts to collect consumer debts for others. PRA has filed with the Texas Secretary of State a surety bond to engage in debt collection activities in Texas (File No. 20020171). PRA is in the business of acquiring consumer accounts that are already in default. PRA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). PRA is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7). PRA can be served at Corporation Service Company, d/b/a CSC-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, TX 78701.

9. Western Surety Company ("Western") is the surety company for the bond PRA has on file with the Texas Secretary of State. Western is liable for acts committed by PRA

pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable law. Specifically, Western is liable on bond number 20020171. Western can be served at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

10. Plaintiff, Jean Jones, ("Plaintiff" and/or "Jones") is an individual who resides in Travis County, Texas and is a consumer as defined by the FDCPA.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Synchrony Bank consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

12. Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

13. PRA purportedly purchased the alleged debt sometime thereafter.

14. PRA attempted to collect the alleged debt from Plaintiff.

15. PRA placed the alleged debt on Plaintiff's credit report.

16. The alleged amount is inflated, and that the money is not owed to PRA.

17. In response to collection attempts by Defendants, Plaintiff sent a letter to PRA informing it that the amount they were reporting on the debt was not accurate. (Exhibit A, Dispute Letter).

18. PRA received Plaintiff's letter on or about December 1, 2015.

19. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

20. In February of 2016, PRA communicated credit information regarding the alleged debt to the Experian consumer reporting agency, including a balance, an account number and the original creditor. (Exhibit B, Excerpt of Plaintiff's Experian credit report).

21. PRA communicated a balance of $8,642 on the alleged debt to Experian.

22. PRA failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Experian regarding the alleged debt in February of 2016.

23. PRA materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

24. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

25. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

26. By February of 2016, PRA knew or should have known that Plaintiff had disputed the alleged debt because Plaintiff had previously notified PRA of that dispute by letter on December 1, 2015.

27. Even though PRA knew or should have known, prior to February of 2016 that Plaintiff disputed owing the alleged debt, PRA failed to thereafter communicate the fact of

Plaintiff's dispute to the Experian credit reporting agency when PRA communicated other information regarding the alleged debt, in violation of 15 U.S.C. § 1692e(8).

28. Tex. Fin. Code § 392.202 provides as follows:

> **CORRECTION OF THIRD-PARTY DEBT COLLECTOR'S OR CREDIT BUREAU'S FILES. (a)** An individual who disputes the accuracy of an item that is in a third-party debt collector's or credit bureau's file on the individual and that relates to a debt being collected by the third-party debt collector may notify in writing the third-party debt collector of the inaccuracy.  The third-party debt collector shall make a written record of the dispute.  If the third-party debt collector does not report information related to the dispute to a credit bureau, the third-party debt collector shall cease collection efforts until an investigation of the dispute described by Subsections (b)-(e) determines the accurate amount of the debt, if any.  If the third-party debt collector reports information related to the dispute to a credit bureau, the reporting third-party debt collector shall initiate an investigation of the dispute described by Subsections (b)-(e) and shall cease collection efforts until the investigation determines the accurate amount of the debt, if any. . . .

29. PRA failed to make a written record of Plaintiff's dispute with Experian, in violation of Tex. Fin. Code §392.202, when it did not mark the fact of Plaintiff's dispute on her Experian tradeline.

30. Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

31. PRA failed to cease collection efforts on the alleged debt, in violation of Tex. Fin. Code §392.202, when it continued collecting the alleged debt while not reporting information related to the dispute to Experian.

32. Tex. Fin. Code §392.301 provides as follows:

> **THREATS OR COERCION. (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:**
>
> **. . . (3) representing or threatening to represent to any person other than the consumer that a consumer is wilfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute. . . .**

33. PRA represented that Plaintiff was willfully refusing to pay a non-disputed consumer debt, in violation of Tex. Fin. Code §392.301, when it failed to communicate the fact of Plaintiff's dispute to Experian.

34. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

36. PRA failed to communicate the fact of Plaintiff's dispute of an alleged debt, in violation of 15 U.S.C. §1692e(8), when it knew or should have known of the dispute and communicated other information regarding the alleged debt to the Experian consumer reporting agency.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    C. Such other or further relief as the Court deems proper.

## COUNT II—TEXAS FAIR DEBT COLLECTION PRACTICES ACT

37. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

38. PRA failed to make a written record of Plaintiff's dispute with Experian, in violation of Tex. Fin. Code §392.202, when it did not mark the fact of Plaintiff's dispute on her Experian tradeline.

39. PRA failed to cease collection efforts on the alleged debt, in violation of Tex. Fin. Code §392.202, when it continued collecting the alleged debt while not reporting information related to the dispute to Experian.

40. PRA represented that Plaintiff was willfully refusing to pay a non-disputed consumer debt, in violation of Tex. Fin. Code §392.301, when it failed to communicate the fact of Plaintiff's dispute to Experian.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

- A. An order directing Defendant to cease communicating the alleged debt to consumer reporting agencies without information regarding Plaintiff's dispute pursuant to Tex. Fin. Code. §392.403(a)(1);
- B. Costs and reasonable attorney fees pursuant to Tex. Fin. Code § 392.403(b);
- C. Statutory damages of not less than $100 for each violation pursuant to Tex. Fin. Code §392.403(e); and,
- D. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Jacob Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
University Park
3300 N. Interstate Hwy 35, Suite 7018
7th Floor

Austin, TX  78722
Ph: (512)524-9352
Fx: (512)593-5976
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

Tyler Hickle
**Law Office of Tyler Hickle**
4005C Banister Lane, Ste. 120C
Austin, TX 78704
Tel: (512) 289-3831
Fax: (512) 870-9505
tylerhickle@hicklelegal.com