UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES, | § | |
| | § | |
| PLAINTIFF | § | CASE NUMBER: 1:16-cv-00572-RP |
| | § | |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | Honorable Robert Pittman |
| LLC, and WESTERN SURETY CO., | § | |
| | § | |
| DEFENDANTS. | § | |

## PLAINTIFF'S REPLY TO DEEFNDANT'S RESPONSE OPPOSING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, JEAN JONES ("Plaintiff," or "Jones"), by and through her attorneys submits this Reply to Defendants' Response Opposing Plaintiff's Motion for Summary Judgment as follows:

### I.     INTRODUCTION

Defendants seem to rest most of their opposition on challenging the authenticity and admissibility of Plaintiff's evidence, namely: her Declaration in Support of her Motion for Summary Judgment (Ex. A., Plaintiff's MSJ); the Deposition of Portfolio Recovery Associates ("PRA")'s Employee (Ex. B., Plaintiff's MSJ); her dispute letter (Ex. A, Plaintiff's Original Complaint); and her Experian credit report (Ex. B, Plaintiff's Original Complaint). For the following reasons, the Court should disregard Defendants' arguments, use the evidence appropriately, and grant summary judgment to Plaintiff as to her FDCPA and TDCA claims.

### II.     THE EVIDENCE

A.     **Though Defendants' admissions should suffice to nullify questions of authenticity, Plaintiff has submitted a second declaration testifying as to the authenticity of her dispute letter and to her Experian credit report**.

Inexplicably, PRA questions the authenticity of Plaintiff's dispute letter, despite admitting they received the letter (PRA's Answer to Complaint, Dkt. #8, ¶ 17).  PRA also questions the authenticity of Plaintiff's Experian report, despite admitting that after receiving Plaintiff's dispute letter, PRA reported information to Experian about Plaintiff's debt, without communicating that the debt was disputed.  (PRA's Answer to Complaint, Dkt. #8, ¶20).  Their admissions should estop PRA from challenging the authenticity of these two documents, but out of an excess of caution, Plaintiff attaches to this Reply a declaration testifying to the authenticity of the two documents.  (See attached Declaration in Support of Plaintiff's Reply, Ex. A.)

**B.     Though a conformed signature is legally sufficient, Plaintiff herewith submits a copy of her Declaration in Support of her MSJ with an original signature.**

PRA seems to argue, or at least insinuate, that Plaintiff did not read or even sign her own declaration in support of her MSJ (Def's. Response at p. 4, ¶7), because of the declaration contains a conformed signature.  Yet as PRA acknowledges, Federal law permits the use of unsworn declarations as substitute for an affiant's oath if the statements contained therein are made "under penalty of perjury" and verified as "true and correct." *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 382 n2 (5th Cir. 2013).  This should be the end of the inquiry.  However, again out of an excess of caution, Plaintiff has attached to this Reply a copy of the constested Declaration with Plaintiff's original signature. (See attached Declaration in Support of Plaintiff's MSJ, Ex. B.)

**C.     Case law and principles of judicial economy support the admission of the deposition of defendant's employee.**

Case law interpreting Fed. R. Civ. P. 32(a)(8) allows the deposition of PRA's employee (Exhibit B to Plaintiff's MSJ), because there is a commonality of issues and parties between Plaintiff's case and *Diana Acosta v. Portfolio Recovery Associates, LLC*, 15-cv-2441 (N.D. Ill. 2015), the case for which the deposition was originally taken.

Rule 32(a)(8) addresses when deposition testimony from a prior proceeding will be admissible. It states as follows: "[a] deposition lawfully taken and, if required, filed in any federal – or state – court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8). The predominant approach among federal courts is to adopt a liberal interpretation of the rule and allow admission of previous deposition testimony where there is substantial identity of issues and parties. Moore's Federal Practice § 32.63[1]; J. Randall Coffee, *Admissibility of Prior-Action Depositions and Former Testimony Under Fed. R. Civ. P. 32(a)(4)*, at p. 67. Interpreting the rule liberally highlights the twin goals of fairness and judicial efficiency. *Hub v. Sun Valley Co.*, 682 F.2d 776, 778 (9th Cir. 1982).

In *Rule v. Int'l Ass'n of Bridge Structural & Ornamental Ironworkers, Local Union No. 396*, the court held that substantial identity of issues and parties existed. 568 F.2d 558, 568 (8th Cir. 1977). The plaintiffs had sued three defendants (D1, D2, and D3) for racial discrimination in employment. *Id.* at 561. Previously, the U.S. Department of Justice had filed suit against D1 and D2 regarding racial discrimination. *Id.* at 563. The court found a substantial identity of issues existed, because the ultimate issue in both cases was whether the defendants had engaged in discriminatory employment practices. *Id.* at 568. Additionally, the court found substantial identity of the parties existed, because D3 was represented by the same attorney who represented D1 and D2 in the earlier case, the consent decree in the earlier case placed affirmative duties on D3, and there was a close interrelationship between D1, D2, and D3. *Id.*

Conversely, in *In re Paramount Payphones, Inc.*, the court refused to find a substantial identity of issues, because when the depositions were taken in the earlier case, the case primarily involved fraud in the marketing and sale of investment units, whereas the later case dealt with

preferential and fraudulent transfers after the companies were formed. 256 B.R. 341, 344-45 (Bankr. M.D. Fla. 2000)

The situation at bar is comparable to the situation above in *Rule*, because substantial identity of parties and issues are present.  The fact pattern and issues involved in Plaintiff's lawsuit are nearly identical to those in *Acosta*, the case from which the contested Deposition originated.  In both cases, the consumer plaintiff, represented by the same lawyer (Michael Wood), sued PRA for ignoring a dispute letter sent by Plaintiff, and for PRA subsequently reporting the consumer's debt to the credit bureaus without reporting the debt as disputed. The allegations in Acosta's Original Complaint (*Acosta,* Dkt. #1) are functionally identical to the allegations in Plaintiff Jones' Original Complaint (Dkt. #1).  In both cases, the consumer plaintiff retained Community Lawyers Group ("CLG") to represent them and authorized CLG to send disputes on the consumer's behalf, disputes which PRA ignored.  The relevant sections from the *Acosta* deposition, cited throughout Plaintiff's Statement of Facts in support of her MSJ, frame the common dispositive issues in both *Acosta* and the case at bar:  whether and why not PRA considered Plaintiff's letter to contain a dispute, and whether PRA had reasonable procedures in place to guard against errors such as failing to note consumer disputes of PRA debts.

The evidentiary function of the deposition in both cases is identical.  The deposition testimony establishes that under PRA's procedures and policies, consumer disputes such as Acosta's and Jones' would be ignored -- since PRA did not consider them disputes -- because the letters contained other contents besides the dispute of the debt.  Since the legal and factual issues in both cases are identical; since PRA is a defendant party in both cases; and since the same attorney (Michael Wood) represents the consumers in both cases, it is easy to see how judicial efficiency favors admission of the *Acosta* deposition testimony in the instant matter.

Put another way, if this Court declines to admit the *Acosta* deposition into evidence for the case at bar, Plaintiff will have to depose the same PRA employee, ask her the same questions about how PRA handles dispute letters such as Plaintiff's, and make the same inquiries as to what procedures and policies PRA has in place to handle these types of consumer letters that contain additional content beyond the dispute.

If PRA's policies and procedures have changed to accommodate more nuanced dispute letters since the deposition was taken, PRA can certainly introduce evidence to that effect. Tellingly, however, PRA has not done so.

The reason PRA does not want the deposition allowed into evidence is because the deposition's contents are dispositive. PRA's own employee admits in the deposition (see Plaintiff's SOF in support of her MSJ) that it purposely ignores dispute letters of the sort sent by Plaintiff in this case, and also in the *Acosta* case, because PRA has arbitrarily decided these types of letters are not actual disputes.  Such an admission supports summary judgment for the Plaintiff in this case.

The decision whether to admit a deposition from a prior lawsuit is vested in the district court's sound discretion. *First National Bank in Greenwich v. National Airlines,* 22 F.R.D. 46, 49 (S.D.N.Y. 1958). *See Reeg v. Shaughnessy,* 570 F.2d 309, 317 (10th Cir. 1978) (concerning depositions in general); *United States v. Bowen,* 411 F.2d 923, 927 (5th Cir. 1969) (same). Depositions can save the time, effort and money of litigants, and help expedite trials. *See Baldwin-Montrose Chemical Co. v. Rothberg,* 37 F.R.D. 354, 356 (S.D.N.Y. 1964); *First National Bank in Greenwich v. National Airlines,* 22 F.R.D. at 49.  If this is true, then requiring Plaintiff to take another deposition will not save any party time or money.  The Court should admit the contested deposition and grant summary judgment to Plaintiff.

### III.  THE BONA FIDE ERROR DEFENSE

In arguing for the FDCPA's *bona fide* error defense to apply to PRA's misconduct in this case, PRA states "PRA operated under the assumption that the letter submitted by Plaintiff did not contain a dispute.  This was a genuine error.  See *Bona Fide*, BLACK'S LAW DICTIONARY (20th ed. 2016) ('1. Made in good faith; without fraud or deceit. 2. Sincere; genuine.')… PRA trains its employees and has standards and procedures in place to ensure full compliance with the FDCPA." (PRA's Response Opposing Plaintiff's MSJ, p. 16, ¶28-29.)

These protestations of sincerity ring hollow, in light of the numerous district court cases holding that the identical language in Plaintiff's letter (i.e., "the amount reported is not accurate") unambiguously constituted a dispute.  See, e.g., *Emerson v. Fid. Capital Holdings, Inc.,* No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015); *Rodriguez v. I.Q. Data Int'l, Inc.,* No. 15-CV-383, 2015 WL 7351925, at *1 (N.D. Ill. Nov. 4, 2015) ("It is hard to figure out what it means to complain that a debt is `inaccurate' without disputing the amount of the debt"); *Gomez v. Portfolio Recovery Associates, LLC*, 15-cv-4499 (N.D. Ill., June 20, 2016) ("[i]t was as clear as day based on a plain reading of the Letter from a lay person perspective that [the consumer] was disputing the Debt" when the letter to the defendant stated "the amount reported is not accurate"); *Paz v. Portfolio Recovery Associates, LLC,* No. 15-C-5073 (E.D. Ill., November 21, 2016)("By stating that the amount reported was not accurate, Paz's attorney communicated a dispute on behalf of Paz.").

PRA lost on summary judgment in the latter two cases above, where the facts were nearly identical to the case at bar.  PRA's FDCPA compliance training should, reasonably, reflect case law that plainly contravenes PRA's policy to ignore dispute letters such as Plaintiffs.  Yet despite these adverse decisions, PRA never made the simple correction to its policies and procedures to

mark debts as disputed when the consumer states "the amount reported is not accurate." Either PRA's compliance and training personnel were made aware of this case law and ignored it, or they were unaware of the court decisions. Either way, there was no *bona fide* error by PRA here, but rather only negligence, or outright intentional disregard of the law.

### III.  STANDING

**1.  Despite *Spokeo*, Plaintiff has standing to bring her FDCPA claims, because the injury she alleges is both particularized and concrete.**

The issue here is whether the FDCPA violations alleged by Plaintiff are sufficient to confer Article III standing, in light of *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). According to Defendants, the statutory language of the FDCPA cannot confer standing to Plaintiff because she alleges only a "bare procedural violation … that the U.S. Supreme Court specifically sought to eliminate in [*Spokeo* at 1550]." (Def.'s MSJ, p. 5, ¶18.)

Federal courts have limited jurisdiction and a party must have an injury in fact to invoke the Court's jurisdiction. To demonstrate an injury, the plaintiff must suffer "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citation and quotation marks omitted).

An injury does not have to be tangible to be concrete. *Spokeo* at 1549. "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury-in-fact." *Id.* Procedural violation must result in some harm. *Id.* at 1550.

In the instant case, Plaintiff alleges that Defendant PRA violated the FDCPA § 1692e(8), which prohibits false and misleading statements by debt collectors. Specifically, Plaintiff alleges that Defendant PRA (a debt collector) reported credit information about the debt to Experian,

without also communicating that Plaintiff had disputed the underlying debt.  Congress intended this provision of the FDCPA to address the dissemination of false information and abusive practices employed by debt collectors.  Indeed, "[a] debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).  Plaintiff's alleged injury is more than a "bare procedural violation" of the FDCPA; in fact, "[FDCPA § 1692e(8) violations are] the very type of injury Congress sought to eradicate via the FDCPA." *Sayles v. Advanced Recovery Systems Inc.*, 2016 WL 4522822 (S.D. Miss. Aug. 26, 2016),

Here, Plaintiff's alleged injury is both particularized and concrete. Plaintiff's injury is particularized because the alleged conduct—PRA's failure to report to Experian that the debt was disputed—affected her in an individual, concrete way (harming her credit), and was not a generalized grievance.

Additionally, this was a material violation of the FDCPA because it was a direct violation of a specifically enumerated section of the FDCPA (§ 1692e(8)), and whether an individual disputes a debt is by its own nature material.  In fact, the Eighth Circuit held that whether or not a debt is disputed is "a piece of information that is always material" and that "if a debt collector elects to communicate 'credit information' about a consumer" it must communicate the dispute if a consumer made the dispute. *Wilhelm v. Credico, Inc.*, 519 F.3d 416, at 418 (8th Cir., 2008); *also see Baker v. I.Q. Data Int'l, Inc.*, 14-cv-0114-WJM-MEH (D. Colo., 2015).

Defendant PRA unsuccessfully made the exact same standing arguments in ***B****owse v. Portfolio Recovery Associates, LLC****,*** No. 15 C 4037, 2016 WL 6476545 (N.D. Ill. Nov. 2, 2016). The fact pattern in Bowse was identical to the fact pattern here in the case at bar.  In *Bowse*, PRA also moved for summary judgment, arguing as they do here, that the consumer Plaintiff had no

Article III standing based on her allegations of an FDCPA § 1692e(8) violation. But the *Bowse* court explicitly rejected the same standing arguments that PRA uses here. "Because Bowse has alleged a violation of § 1692e(8) of the FDCPA, which protects against the risk of harm created by a deficient disclosure of credit information to a third party, Bowse has Article III standing to bring this suit." *Id.* The court then granted consumer Bowes' motion for summary judgment, and denied PRA's motion for summary judgment. *Id.* The Court take the same actions in the case at bar.

In *Sayles* (a case which *Bowes* cites), the Mississippi federal district court held that Plaintiff's allegations of FDCPA § 1692e(8) violations by the debt collector (failing to report to a credit bureau that a debt was disputed) were sufficient to confer Article III standing on that plaintiff. The *Sayles* fact pattern was virtually identical to the case at bar. Sayles, like the instant Plaintiff, disputed a debt he allegedly owed, yet the debt collector reported the debt to a credit bureau without communicating that the Sayles had disputed the debt. The district court held that this was a sufficiently concrete and particularlized allegation of an FDCPA § 1692e(8) violation to confer Article III standing on Sayles, even post-*Spokeo*.

Post *Spokeo*, other federal district and appellate courts which have ruled for the FDCPA Plaintiff, on highly similar standing issues, include: *Church v. Accretive Health*, 2016 WL 3611543 (11th Cir. July 6, 2016); *Hill v. Accounts Receivable Services*, 2016 WL 6462119 (D. Minn. Oct. 31, 2016); *Allah-Mensah v. Law Office of Patrick M. Connelly*, 2016 WL 6803775 (D. Md. Nov. 17, 2016); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, (N.D. Ill. Sept. 20, 2016); *Linehan v. Allianceone Receivables Management*, 2016 WL 4765839 (W.D. Wash. Sept. 13, 2016); *Prindle v. Carrington Mortg. Servs.*, No. 2016 WL 4369424 (M.D. Fla. Aug. 16, 2016); *Daubert v. Nra Grp.*, 2016 WL 4245560 (M.D. Pa. Aug. 11, 2016); *Irvine v. I.C.*

*System*, 2016 WL 4196812 (D Colo. July, 29, 2016); *Lane v. Bayview Loan Servicing*, No. 2016 WL 3671467 (N.D. Ill. July 11, 2016).

## CONCLUSION & PRAYER

WHEREFORE, Plaintiff, JEAN JONES, respectfully requests that this Court grant summary judgment in her favor on her FDCPA and TDCA claims against PRA, as well as on Defendant's affirmative defense of *bona fide* error, and for any other or further relief the Court deems just and proper.

Respectfully submitted,

By:   /s/ *Robert Zimmer*
One of Plaintiff's Attorneys

Robert Zimmer
**Zimmer & Associates**
707 West 10th Street
Austin, TX  78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com

## CERTIFICATE OF SERVICE

I, Robert Zimmer, an attorney, hereby certify that on March 14, 2017, I electronically filed the foregoing document, plus attachments: Exhibits A-B, using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: March 14, 2017**                                              Respectfully submitted,

By:   /s/ *Robert Zimmer*

**PLAINTIFF JEAN JONES' REPLY TO DEFENDANTS' RESPONSE OPPOSING HER MOTION FOR SUMMARY JUDGMENT**