IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 1:16-CV-572-RP |
| § | | |
| PORTFOLIO RECOVERY ASSOCIATES, § | | |
| LLC and WESTERN SURETY COMPANY, § | | |
| § | | |
| Defendants. § | | |

**ORDER**

Before the Court are Defendants' Motion for Summary Judgment, (Dkt. 22), Plaintiff's Motion for Summary Judgment, (Dkt. 31), the responsive pleadings thereto, and Defendants' Motion to Strike, (Dkt. 35). Having reviewed the filings, the relevant law, and the factual record, the Court hereby issues the following Order.

**I. BACKGROUND**

Defendant Portfolio Recovery Associates LLC ("PRA") is a debt collection agency based in Norfolk, Virginia. (Compl., Dkt. 1, ¶ 7). Defendant Western Surety Company ("Western") is the surety company for the bond PRA was required to file with the Texas Secretary of State in order to engage in debt collection activities in Texas. (*Id.* ¶¶ 8–9).

Plaintiff Jean Jones ("Plaintiff") incurred a debt through a Synchrony Bank consumer credit card account, which went into default after Plaintiff failed to make the necessary payments. (*Id.* ¶¶ 11–12). PRA subsequently acquired the debt and placed it on Plaintiff's credit report. (*Id.* ¶¶ 13–15). According to Plaintiff, the amount reported was "inflated," and the money "is not owed to PRA." (*Id.* ¶¶ 16). Plaintiff sent PRA a letter stating that the amount reported was inaccurate, which PRA received on or about December 1, 2015. (*Id.* ¶¶ 17–18). In February 2016, PRA communicated

1

credit information regarding the debt to consumer reporting agency Experian, including a balance of $8,642. (*Id.* ¶¶ 20–21). Plaintiff alleges that PRA did not communicate to Experian that the debt was disputed and that, as a result, her credit score was materially lowered. (*Id.* ¶¶ 22–24).

Plaintiff filed the instant action, which seeks relief pursuant to the Fair Debt Collection Practices Act and the Texas Fair Debt Collection Practices Act, on May 13, 2016. (*Id.* ¶¶ 35–40). On January 5, 2017, PRA and Western (collectively, "Defendants") filed a Motion for Summary Judgment arguing that "(1) Plaintiff's bare procedural violations fail to satisfy her standing before this Court; (2) Plaintiff presents no evidence to support the essential elements of her claims; and (3) PRA [has a] bona fide error defense [to] Plaintiff's claims against PRA." (Defs.' Mot. Summ. J., Dkt. 22, ¶ 1). Plaintiff subsequently filed her own Motion for Summary Judgment. (Pl.'s Mot. Summ. J., Dkt. 31).

## II. MOTION TO STRIKE

The Court first turns to Defendants' Motion to Strike, (Dkt. 35), which asks the Court to strike two declarations submitted by Plaintiff, (First Jones Decl., Dkt. 34-1; Second Jones Decl., Dkt. 34-2), and a Statement of Uncontested Material Facts filed alongside Plaintiff's Motion for Summary Judgment, (Dkt. 31-4).

The declarations in question were attached to Plaintiff's Reply to Defendant's Response to Plaintiff's Motion for Summary Judgment. (Dkt. 34). Defendant maintains that this violates the Local Rules, which state: "A party may file a reply in support of a motion. Absent leave of court, no further submissions on the motion are allowed." W.D. Tex. Local Rule CV-7(f)(1). The Local Rules also provide a 10-page limit for replies, W.D. Tex. Local Rule CV-7(f)(3), which Defendant claims Plaintiff violated by attaching the declarations in question. (Mot. Strike, Dkt. 35, at 2).

Defendant also maintains that "Plaintiff's separate statement of undisputed facts should be stricken from the record, as it against the local rules of the Western District." (*Id.* at 3). This

assertion is only partially true—while the Local Rules do not provide for filing separate statements of undisputed facts, they do not bar parties from doing so. *See Tesoro Ref. & Mktg. Co. LLC v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, 6:13-CV-931, 2015 WL 1206936, at *2 (W.D. Tex. Mar. 16, 2015). Indeed, as the very case cited by Defendants states, "The Court may nevertheless consider such statements, even if not provided for by rule, based on its inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993)).

A judge "may waive any requirement of [the Local Rules] regarding the administration of that judge's docket." W.D. Tex. Local Rule CV-1(e). Because it finds that Defendants would not be prejudiced by permitting Plaintiff's filings to stand, the Court hereby **DENIES** Defendants' Motion to Strike, (Dkt. 35).

### III. STANDING

Defendants argue Plaintiff cannot establish a concrete injury-in-fact sufficient to confer standing. As Article III of the U.S. Constitution limits the jurisdiction of federal courts to cases and controversies, and one element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue, the Court considers this argument first. *See Raines v. Byrd*, 521 U.S. 811, 818 (1997).

For a plaintiff to have standing, she "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016). As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing these elements. *Id.* (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan v. Defs. Wildlife*, 504 U.S. 555, 560 (1992)).

To be "concrete," an injury must be *de facto*—that is, "it must actually exist." *Id.* However, "'[c]oncrete is not . . . necessarily synonymous with 'tangible.'" *Id.* at 1549. Instead, "the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact." *Id.* "Among those circumstances are cases where a statutory violation creates the 'risk of real harm.'" *Sayles v. Advanced Recovery Sys., Inc.*, 2017 WL 2872343, at *3 (5th Cir. July 6, 2017) (quoting *Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016)).

Defendants argue that "Plaintiff limits her pleading to an allegation that PRA violated single provisions of the [FDCPA and TDCA]." (Defs.' Mot. Summ. J., Dkt. 22, ¶ 18). "Nowhere in Plaintiff's Original Complaint," they explain, "does Plaintiff put forth any evidence that shows this Court that Plaintiff suffered something more than a 'bare violation of a statutory right.'" (*Id.* ¶ 20). Defendants therefore conclude that Plaintiff does not have standing because she has not established any injury-in-fact. (Defs.' Mot. Summ. J., Dkt. 22, at 4).

The Court disagrees. Because Defendants' alleged violation exposed Plaintiff to an inaccurate credit rating, it created a risk of real harm caused by an inaccurate credit rating. *See Sayles*, 2017 WL 2872343, at *3 (concluding that a defendant's violation of the FDCPA "exposed [the plaintiff] to a real risk of financial harm caused by an inaccurate credit rating"); *Bowse*, 218 F. Supp. 3d at 749 ("Unlike an incorrect zip code, the 'bare procedural violation' in *Spokeo*, an inaccurate credit rating creates a substantial risk of harm."). Any harm resulting from the alleged violation was thus concrete, and Plaintiff satisfies all elements of standing.

## IV. MOTIONS FOR SUMMARY JUDGMENT

As noted above, this Order addresses both parties' motions for summary judgment. Both parties seek summary judgment on all claims.

*A. Legal Standard*

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986). "A fact issue is 'material' if its resolution could affect the outcome of the action." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he moving party may [also] meet its burden by simply pointing to an absence of evidence to support the nonmoving party's case." *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 544 (5th Cir. 2005). The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 (1986); *Wise v. E.I. Dupont de Nemours & Co.,* 58 F.3d 193, 195 (5th Cir. 1995). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000).

The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view this evidence in the light most favorable to the non-movant, *Rosado v. Deters*, 5 F.3d 119, 122

(5th Cir. 1993), and should "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

Because this case comes before the Court on the basis of diversity jurisdiction, the Court applies Texas substantive law to the following analysis. 28 U.S.C. § 1332; *Westerman v. Sears, Roebuck & Co.*, 577 F.2d 873, 879 (5th Cir. 1978) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

*B. Whether Defendant Engaged in a Prohibited Act or Omission*

To prevail on her FDCPA and TDCA claims, Plaintiff must show that (1) she has been the object of collection activity arising from a consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. *Hunsinger v. Sko Brenner Am., Inc.*, 2014 WL 1462443, at *3 (N.D. Tex. April 15, 2014) (summarizing the FDCPA standard); *Gomez v. Niemann & Heyer, L.L.P.*, 2016 WL 3562148, at *6 (W.D. Tex. June 24, 2016) ("The conduct prohibited under the TDCA is coextensive with that prohibited under the FDCPA, at least insofar as '[t]he same actions that are unlawful under the FDCPA are also unlawful under the TDCA.'").

Defendants contend that the Court should enter summary judgment against Plaintiff because she has not shown that Defendants engaged in a prohibited act or omission. (Defs.' Mot. Summ. J., Dkt. 22, ¶ 22–24). Specifically, they assert that Plaintiff "fails to present evidence PRA knew or should have known that Plaintiff was disputing the alleged debt," as is required. (*Id.* ¶ 24). Defendants point to a letter sent by Plaintiff to PRA on December 1, 2015, which reads in its entirety:

> Dear Sir or Madam:
>
> I am writing to you regarding the account referenced above. I refuse to pay this debt.
>
> My monthly expenses exceed my monthly income; as such there is no reason for you to contacting me, and the amount you are reporting is not accurate either. If my circumstances should change I will be in touch.

6

  Sincerely,
  Jean Jones

(Letter, Dkt. 1-2, at 2). "The essence of the letter," Defendants assert, "is Plaintiff's refusal to pay this debt because she does not have the means to pay the debt, not because the debt does not exist." (Defs.' Mot. Summ. J., Dkt. 22, ¶ 28). Defendants contend that Plaintiff's reference to inaccurate reporting—the phrase "and the amount you are reporting is not accurate either"—"seems to be an after-thought rather than a dispute of her debt." (*Id.* ¶ 29). They further note that "Plaintiff's letter above is a boilerplate letter to PRA" that was used by her law firm on behalf of several individuals, alleging that the use of such a letter "raises doubts as to whether Plaintiff actually considered the amount of the debt, recognized that there was a disparity in amount, and made a challenge." (*Id.* ¶ 30).

  The Court disagrees. Plaintiff asserts claims under § 1692(e) of the FDCPA, which prohibits "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8). While the FDCPA does not define "dispute," neither the statute nor applicable case law suggest that a plaintiff must demonstrate that she "actually considered the amount of the debt, recognized that there was a disparity in amount, and made a challenge." Similarly, the TDCA provisions relevant to Plaintiff's claims presume only that the consumer in question has made a dispute. Tex. Fin. Code § 392.202(a) ("If the third-party debt collector reports information related to the dispute to a credit bureau, the reporting third-party debt collector shall . . . cease collection efforts."); *id.* § 392.301(a)(3) (creating liability for "representing . . . to any person other than the consumer that a consumer is willfully refusing to pay a nondisputed consumer debt when the debt is in dispute and the consumer has notified in writing the debt collector of the dispute"). Moreover, Defendants' emphasis on the other language in Plaintiff's letter suggests they would consider her attempt to dispute the debt valid if she had only written: "I refuse to pay this

7

debt. The amount you are reporting is inaccurate." It cannot be the case that merely including additional language renders a dispute invalid, and Defendants offer no case law suggesting that it is.

With respect to whether Plaintiff has met her prima facie burden under the FDCPA and TDCPA, Defendants have not demonstrated the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Indeed, for the reasons stated above, the Court concludes that no reasonable juror could find for Defendant on this issue. With respect to whether Defendants engaged in a prohibited act or omission, the Court finds that summary judgment should be and is hereby granted in favor of Plaintiff.

### C. "Debt Collector" and "Consumer Debt"

Plaintiff also seeks summary judgment on the question of whether Defendant violated the provisions of the FDCPA and TDCPA. As noted above, prevailing on those claims requires Plaintiff to show that (1) she has been the object of collection activity arising from a consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. *Hunsinger*, 2014 WL 1462443, at *3; *Gomez*, 2016 WL 3562148, at *6. Because the Court previously found that Plaintiff has met her burden with respect to the third prong, *see supra* Part IV(B), the discussion that follows focuses exclusively on the first two.

The Court agrees with Plaintiff that she has established that defendant is a "debt collector" that sought to collect a debt from her. Defendant—despite denying that it is a third-party debt collector in its Answer, (Dkt. 8, ¶¶ 7–8)—neither disputes that contention in its response to Plaintiff's motion for summary judgment nor offers any evidence to suggest that a factual dispute exists on that point.

The Court disagrees, however, with Plaintiff's contention that she has established that she has been the object of collection activity arising from a consumer debt. While the FDCPA provides that a "consumer" is "any natural person obligated or allegedly obligated to pay any debt," 15 U.S.C.

8

§ 1692a(3), it also requires plaintiffs to show that the debt at issue is a "consumer debt"—that is, that the debt arises out of a transaction made primarily for personal, family, or household purposes.[1]

In support of its argument that Plaintiff has not shown she is covered by these definitions, Defendant points to Plaintiff's testimony that she "was unfamiliar with the account, does not remember looking into what the account may have been, that there were no credit cards she did not pay off besides the Mileage Plus and Target cards, and she did not do anything to find out what the debt actually was." (Defs.' Resp., Dkt. 33, ¶ 11). Plaintiff, in turn, avers in a declaration that she "used the credit card solely for personal, family, and household expenses." (Second Jones Decl., Dkt 34-2, ¶ 5).

"Unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 2738 (1983)). As Defendants note, "Plaintiff's statement [as contained in her second declaration] does not allege any specific facts, but rather alleges general and conclusory facts which appear to be a recitation of the FDCPA." (Defs.' Resp., Dkt. 33, ¶ 9).

The Court therefore concludes that there is a factual dispute with respect to whether Plaintiff has been the object of collection activity arising from a consumer debt. At this stage, a reasonable jury could conclude either that Plaintiff has met her burden or that she has not. With respect to that issue, then, Plaintiff's motion for summary judgment must be denied.

---

[1] The FDCPA defines a debt as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes," 15 U.S.C. § 1692a(5), and the TDCA defines a "consumer debt" as "an obligation or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." Tex. Fin. Code § 392.001(2).

*C. Bona Fide Error*

Defendants assert that, regardless of the above analysis, they cannot be held liable under the FDCPA or TDCA because PRA's failure to report that Plaintiff's debt was in dispute was an unintentional bona fide error. (Defs.' Mot. Summ. J., Dkt. 22, ¶ 32).

The FDCPA provides that "[a] debt collector may not be held liable . . . . if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c); *see also id.* § 1692k(e) ("No provision of this section imposing any liability shall apply to any act done or omitted in good faith in conformity with any advisory opinion of the Bureau."). The TDCA includes a similar exception. Tex. Fin. Code. § 392.401 ("A person does not violate this chapter if the action complained of resulted from a bona fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error."). To prevail on this defense, Defendants therefore bear the burden of showing (1) that the presumed statutory violation was not intentional, (2) that it resulted from a bona fide error, and (3) that PRA maintained procedures reasonably adapted to avoid the error. *Johnson v. Riddle*, 443 F.3d 723, 727–28 (10th Cir. 2006). The first prong is a subjective test requiring a credibility determination concerning PRA's assertions that the violations were unintentional. *Id.* at 728. The second and third prongs are analyzed under the objective test. *Id.* at 729.

PRA contends both that the alleged violations were not intentional and that it implemented policies and procedures reasonably adapted to prevent intentional violations of the FDCPA.

PRA's argument that its alleged violation was unintentional incorporates by reference its previous claim that Plaintiff's letter "does not indicate a dispute." (Defs.' Mot. Summ. J., Dkt. 22, ¶ 36). "At a minimum," Defendants assert, "Plaintiff's letter is ambiguous. And based on this

10

ambiguity, PRA believed that Plaintiff did not dispute the debt . . . . PRA did not intend to report false information." (*Id.*).

In asserting that it implemented policies and procedures reasonably adapted to prevent intentional violations of the FDCPA, Defendants offer evidence that PRA's policies "specifically "define[] what constitutes . . . a 'dispute'" and that the company designates "Dispute Specialists" who are responsible for receiving, addressing, and processing incoming written disputes. (*Id.* ¶ 38; Customer Disputes Procedures, Dkt. 21-2, at 11). PRA notes that it "has two-and-a-half pages of procedure solely dedicated to handling written disputes as a procedure reasonably adapted to avoid any error" and that it "has a separate manual dedicated to its dispute department," which "clearly delineates and trains its personnel on what constitutes . . . a dispute." (Defs.' Mot. Summ. J., Dkt. 22, ¶ 38; Customer Disputes Procedures, Dkt. 21-2, at 12–13; Supp. Training Manual, Dkt. 21-2, at 15–20).

Plaintiff seeks summary judgment on the same issue. In doing so, she notes that the Supreme Court has held that the "bona fide error defense in 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of the statute." *Jerman* v. *Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 605–06 (2010). "If there was a mistake in the analysis of Plaintiff's letter," Plaintiff argues, "it would be a mistake of law and thus not a proper bona fide error defense under the FDCPA." (Pl.'s Mot. Summ. J., Dkt. 31, at 15).

While Plaintiff's argument is well taken, "an inquiry is needed to assess whether any procedures were actually implemented and whether such procedures 'were reasonably adapted to avoid the specific error at issue.'" *See Smith v. ProCollect, Inc.*, No. 6:09-CV-0350, 2011 WL 1375667, at *6 (E.D. Tex. Apr. 12, 2011). Having reviewed the summary judgment evidence, the Court concludes that a reasonable jury could find that PRA's procedures were not reasonably calculated to

avoid the error at issue and that the error was therefore not bona fide. Alternatively, a reasonable jury could find that the procedures were sufficient and that the error was therefore bona fide and unintentional. There thus remains a material dispute of fact that renders the granting of summary judgment on this issue inappropriate.

## V. CONCLUSION

For the reasons stated herein, **IT IS HEREBY ORDERED** that:

- Defendants' Motion to Strike, (Dkt. 35), is hereby **DENIED**;

- Defendants' Motion for Summary Judgment, (Dkt. 22), is hereby **DENIED**;

- Plaintiff's Motion for Summary Judgment, (Dkt. 31), is **GRANTED IN PART AND DENIED IN PART**, consistent with the terms of this order. The Court grants Plaintiff summary judgment as to whether Defendants engaged in a prohibited act or omission and whether Defendants are debt collectors for purposes of evaluating Plaintiff's claims. Her motion is in all other respects **DENIED**.

**SIGNED** on August 16, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE