| | | |
|---|---|---|
| JEAN JONES, | § § | |
| PLAINTIFF | § § | CASE NUMBER: 1:16-cv-00572-RP |
| v. | § § | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and WESTERN SURETY CO., | § § § | Honorable Robert Pittman |
| DEFENDANTS. | § § | |

## PLAINTIFF'S PPOPOSED JURY INSTRUCTIONS AND VERDICT FORMS

Plaintiff, Jean Jones, submits the following proposed jury instructions and verdict forms pursuant to Local Rule 16(e)(7).

Respectfully Submitted,

By:    /s/ *Celetha Chatman*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
***Community Lawyers Group, Ltd.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

Robert Zimmer
TX Bar No. 24098662
707 West 10th Street
Austin, TX 78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1
## (General Instructions for the Charge)

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

5th Cir. pattern instruction 3.1

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2
## (Burden of Proof: Preponderance of the Evidence)

Plaintiff Jean Jones has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Jean Jones has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

5th Cir. pattern instruction 3.2

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3
## (Evidence)

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

5th Cir. pattern instruction 3.3

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4
### (Stipulations of Fact)

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

5th Cir. pattern instruction 2.3

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5
## (Witnesses)

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

5th Cir. Pattern Instruction 3.4

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6
## What Is Not Evidence

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, if anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.

Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. The purpose of these is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7
## Duty to Deliberate

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a [jury foreperson] [presiding juror] to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your [jury foreperson] [presiding juror] must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the [jury foreperson] [presiding juror] should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

5th Cir. Pattern Instruction 3.7

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8
## (Nature of Action and Legal Definition)
## FDCPA AND TDCA

Plaintiff brings this action against these Defendants based on 15 U.S.C. §1692, et seq., commonly known as the Fair Debt Collection Practices Act, which for convenience, I will refer to as the "Act."

The Act originally enacted by Congress became effective on March 20, 1978, and was again amended and broadened in 1986 and amended again in 1996. In passing this Act, Congress stated its purpose was "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices." To this end, the Act expressly prohibits debt collectors from engaging in numerous specific acts or practices and also mandatorily requires debt collectors to affirmatively perform specific acts when they are attempting to collect consumer debts for others.

Because Plaintiff is a resident of state of Texas, she is entitled to certain protections under state law as well as under federal law. Accordingly, Plaintiff brings this action against Defendant, [in part], based on Chapter 392 of the Texas Finance Code, commonly known as the Texas Debt Collection Act, which for convenience I may refer to as the "TDCA."

To succeed on her claims under both federal and state law, Plaintiff must show that (1) Defendants are debt collectors as defined by the Act; (2) Defendants have engaged in an act or omission prohibited by the Act; and (3) Plaintiff has been the object of collection activity arising from a consumer debt. *Order Den. Mot. to Strike; Den. Sealed Mot.; Granting in part and Den. In part Mot. for Summ. J.*, Dkt. 59, p. 6 (Aug. 16, 2017) (the "MSJ Order") (*citing Hunsinger v. Sko Benner Am., Inc.*, 2014 WL 1462443, at *3 (N.D. Tex. April 15, 2014)).

Plaintiff has already proven the first 2 elements. I will explain each of these elements in turn.

First, a "debt collector" to include any person who uses any instrumentality of interstate commerce, the mails in any business, the principle purpose of which business is the collection of any debt, directly or indirectly, owed, due, or asserted to be owed or due to another. 15 U.S.C. 1692a(6). The Act also defines a "debt collector" to include any person who regularly collects a debt owed to another. The Court has already agreed with Plaintiff that both Defendants are "debt collectors" within the meaning of the Act. MSJ Order, Dkt. 59 at 8.

Second, Plaintiff has established that Defendants violated the Act and TDCA by failing to communicate that the alleged debt was disputed, when it communicated other information regarding the alleged debt to the Experian credit reporting agency, in violation of 15 U.S.C. 1692e(8). The Court has already determined that the Defendants have committed these violations. Therefore, the issue of whether Defendants are liable for violations of the Act and TCPA has already been established. MSJ Order, Dkt. 59 at 8.

Lastly, the Act defines "debt" to mean any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes. 15 U.S.C. § 1692(a)(5). The TDCA defines a "consumer debt" as any obligation or alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction. Tex. Fin. Code § 392.001(2).

A non-consumer debt , or business debt is not covered under the Act or the TDCA. *See Infante v. Samara Portfolio Mgmt., L.L.C.*, No. 1:14-CV-00324-MAC, 2017 WL 1102757, at *6 (E.D. Tex. Jan. 20, 2017), *report and recommendation adopted*, No. 1:14-CV-00324, 2017 WL 1113322 (E.D. Tex. Mar. 23, 2017) (*citing Heintz v. Jenkins*, 514 U.S. 291 (1995)).

In other words, the alleged debt that Defendants sought to collect from Plaintiff was either primarily a "consumer" debt or a "business" debt; it cannot be both. It is your duty to determine whether the debt that Defendants attempted to collect from Plaintiff is a "consumer debt" within the meaning of the Act and TDCA.

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9
## (Strict Liability)

The Act is a strict liability statute. "Strict liability" is a legal term. In this context, it means that Plaintiffs need *not* prove that Defendant acted with malice, intent or with the purpose of harming Plaintiff. Strict liability means that Plaintiff need *not* prove that Defendants acted with negligence or carelessness.

Plaintiff need only show that Defendant's conduct was wrongful and resulted in what the law does not permit. Defendant is liable to Plaintiff if it violated any provision of the FDCPA, even if it is a purely technical violation.

Because the FDCPA is a strict liability statute, proof of a single violation is sufficient to support a finding in favor of Plaintiff, and against Defendant, rendering Defendant liable to Plaintiff for damages.

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10
## (Bona Fide Error)

The debt collector is not liable for violation of the Fair Debt Collection Practices Act if it can prove an affirmative defense. To qualify for the bona fide error defense, Defendants must prove by preponderance of the evidence that (1) it did not intend to violate the Act; (2) the violation resulted from a genuine error; and (3) it maintained procedures reasonably adapted to avoid the violation that occurred. 15 U.S.C. § 1692k(c); *See McCollough v. Johnson, Rodenburg & Lauinger, L.L.C.*, 637 F.3d 939, 948 (9th Cir. 2011); *see also Reichert v. Nat'l Credit Sys, Inc.*, 531 F.3d 1002 (9th Cir. 2008).

The TDCA also contains an exception to the provisions imposing liability on debt collectors. Under the Texas law, "[a] person does not violate this chapter if the action complained of resulted from a bona fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error." Tex. Fin. Code § 392.401

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11**
**(Statutory Damages- FDCPA)**

I turn now to the law of damages applicable to this case if you reach that phase.

The Act specifically permits damages to be awarded against a debt collector who violates the Act in any manner. The Court has already held that Defendants have engaged in a prohibited act or omission. For you to award damages to the Plaintiff in this case, all that is necessary is a finding that Plaintiff's debt is a consumer debt, and Defendants' liability is not defeated by a bona fide error defense.

The FDCPA provides that any debt collector who fails to comply with any provision of the statute with respect to any person is liable to such person in an amount equal to the sum of:

(1) any actual damage sustained by such person as a result of such failure;

(2) such additional damages as you may allow, but not exceeding $1000;

In determining the amount of statutory damages to be awarded, whether $1.00 or up to and including $1,000.00 for each person, the Act provides that the jury shall consider among other relevant factors, the frequency and persistence of noncompliance of the Act by the debt collector, the nature of such noncompliance with the Act, and the extent to which noncompliance was intentional. 15 U.S.C. §§ 1692k(a), 1692k(b).

# PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12
## (Statutory Damages- TDCA)

In addition to the relief provided for in the Act, the TCDA provides that:

. . . . (e)  A person who successfully maintains an action under this section for violation of Section 392.101, 392.202, or 392.301(a)(3) is entitled to not less than $100 for each violation of this chapter. Tex. Fin. Code §392.403

The Court has held that Defendants are debt collectors as defined under the TDCA and that Defendants' conduct violates the TDCA. *MSJ Order*, ECF Docket No. 59 at 8.

If you find that (a) Defendants sought to collect a consumer debt from Plaintiff; and (b) Defendants' violation was not the result of a bona fide error, then you may award Plaintiff damages of no less than $100 per violation. Tex. Fin. Code §392.403(e)

# PLAINTIFF'S PROPOSED VERDICT SHEET

This litigation proceeds pursuant to the Fair Debt Collection Practices Act and Texas Debt Collection Act. Plaintiff is a "consumer" and Defendant is a "debt collector" within the meaning of the Act and TDCA. Defendants have engaged in an act or omission prohibited by the FDCPA and TDCA.

(Note: Answer "Yes" or "No" to each question by checking the appropriate space.)

## FDCPA

### Special Interrogatory No. 1

Do you find that the debt Defendants sought to collect from Plaintiff was an obligation to pay money arising out of a transaction in which the money, property, insurance or services were incurred primarily for personal, family, or household purposes, and is thus a consumer debt?

YES _____ NO _____

If your answer is "YES," please proceed to Special Interrogatory No. 2.

15 U.S.C. §1692a(5)

### Special Interrogatory No. 2

Do you find from a preponderance of the evidence that Defendant (1) did not act intentionally when it committed the statutory violation; AND (2) the violation resulted from a genuine error; AND (3) the error was made despite the maintenance of procedures reasonably adopted to avoid the error? You may only answer "Yes" if all three elements are met.

YES _____ NO _____

If your answer is "NO," please proceed to Special Interrogatory No. 3.

*See Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006); 15 U.S.C. §1692k(c)

### Special Interrogatory No. 3

What sum of money do you believe Plaintiff should be awarded for statutory damages? You may award up to $1,000.00.

       Amount of statutory damages: $_____

15 U.S.C. §1692k(a)(2)(A)

## TCDA

### Special Interrogatory No. 4

Do you find that the debt Defendants sought to collect from Plaintiff was an obligation or alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction, and is thus a consumer debt?

YES _____          NO _____

If your answer is "YES," please proceed to Special Interrogatory No. 5.

Tex. Fin. Code § 392.001(2)

### Special Interrogatory No. 5

Do you find from a preponderance of the evidence that Defendant (1) did not act intentionally when it committed the statutory violation; AND (2) the violation resulted from a genuine error; AND (3) the error was made despite the maintenance of procedures reasonably adopted to avoid the error? You may only answer "Yes" if ALL THREE elements are met.

YES _____          NO _____

If your answer is "NO," please proceed to Special Interrogatory No. 6.

*See Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir. 2006); Tex. Fin. Code § 392.401

### Special Interrogatory No. 6

What sum of money do you believe Plaintiff should be awarded for statutory damages? You may award no less than $100 per violation.

        Amount of statutory damages: $_____

Tex. Fin. Code § 392.403(e)

EXECUTION AND DATING OF VERDICT FORM

After answering all of the above questions, you are to do nothing further except sign and date this Verdict Form and return same to the Courtroom.

_____

SO SAY WE ALL

THIS_____ DAY OF August 2017

## CERTIFICATE OF SERVICE

       I, Celetha Chatman, an attorney, hereby certify that on August 17, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

       Respectfully submitted,

       By: s/Celetha Chatman

Celetha Chatman
Michael J. Wood
**Community Lawyers Group, Ltd.**
73 W. Monroe, Suite 514
Chicago, IL 60603
Tel: 312-757-1880
Fax: 312-265-3227
Email: cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com