UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JEAN JONES, §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>PORTFOLIO RECOVERY §<br>ASSOCIATES LLC §<br>PORTFOLIO SERVICES, LLC, and §<br>WESTERN SURETY COMPANY §<br>*Defendants.* § | CASE NUMBER: 1:16-cv-00572-RP |

**MOTION IN LIMINE #1 -- PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE REGARDING THE AVAILABILITY OF ATTORNEY FEES AND BRIEF IN SUPPORT**

NOW COMES Plaintiff, Jean Jones, (hereinafter Plaintiff or "Ms. Jones"), by and through her attorneys, Community Lawyers Group, Ltd., and moves the Court for an Order in Limine directing Defendants, their witnesses, and attorneys, not to mention or disclose within the hearing of the jury and prohibiting them from mentioning or disclosing within the hearing of the jury the availability of an award of attorneys' fees to Plaintiff in this litigation, and in support thereof avers as follows:

**I. ARGUMENT**

1. The Fair Debt Collection Practices Act, 15 U.S.C. §1692k(l)(3) states that an award of costs and attorney fees is "determined by the court." Indeed, the Ninth Circuit acknowledged, "the award of attorney fees is a matter for the judge not the jury." *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). Further, the jury is likely unaware of the policy considerations that drove Congress to favor the award of attorneys' to prevailing plaintiffs. The Ninth Circuit went on to explain:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiffs potential right to

1

> receive attorneys' fees might lead the jury to offset the fees by reducing the damage award. Even more troubling, however, is the case where actual damages are small or non existent. When damages are nominal, there is a risk that the jury may believe that the 'harm' does not justify the payment of a large fee award. The jury may thus decide to find for Defendant rather than allow the Plaintiffs attorney to recover fees.

*Brooks*, 938 F.2d at 1051.

2. The Act provides that a plaintiff who successfully enforces the Act can recover actual damages, statutory damages not exceeding $1,000, and attorney's fees. 15 U.S.C. § 1692k(a). Plaintiff seeks statutory damages and attorney's fees in this case.

3. The jury determines whether a defendant violated the Act and whether a plaintiff is entitled to statutory damages. *See Sibley v. Fulton DeKalb Collection Serv.,* 677 F.2d 830, 831-32 (11th Cir. 1982) (finding that a party "is entitled to a jury trial in an action for damages under the [FDCPA]."). The factors relevant to determining whether a plaintiff in an individual action is entitled to statutory damages include: (1) the frequency and persistence of noncompliance by the debt collector; (2) the nature of the noncompliance, and (3) the extent to which the noncompliance was intentional. 15 U.S.C. § 1692k(b)(1); *see also Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1239 (5th Cir. 1997). The award of attorney's fees is a matter for the court, not the jury. *Memon v. Pinnacle Credit Servs., LLC*, 2009 WL 6825243, *2 (S.D. Tex. May 21, 2009).

4. There is not a Fifth Circuit case on point. However, both Sixth Circuit and Ninth Circuit decisions hold that informing the jury that a plaintiff could recover attorney's fees is prejudicial. *See Fisher v. City of Memphis*, 234 F.3d 312, 319 (6th Cir. 2000) ("it is clearly prejudicial to instruct a jury as to the potential for attorneys' fees when it is deciding the merits of the underlying § 1983 action"); *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991) ("informing the jury of the possibility of fees could result in prejudice to the plaintiff and undermine the public

policies behind § 1988"). The reasoning of the Sixth and Ninth Circuits is sound and persuasive, and should be applied here.

5. Further, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed.R.Evid. 401. "Irrelevant evidence is not admissible." Fed.R.Evid. 402. The Court may exclude relevant evidence if:

**its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.**

**Fed.R.Evid. 403.**

6. In this case, whether Plaintiff may recover attorney's fees if she is successful on her claim does not have any tendency to make it more or less probable that Defendants violated the Act. Moreover, even if the ability to recovery attorney fees bears some relevance to the action, such relevance is substantially outweighed by the possibility of unfair prejudice, confusion of the issues, and misleading the jury. Any reference to Plaintiff's ability to obtain attorney's fees in this lawsuit might confuse the jury. Reference to the possibility that Plaintiff would recover her attorney's fees if her claim is successful would also unduly prejudice Plaintiff. Therefore, Plaintiff's Motion in Limine to Bar Any Reference to Attorney Fees should be granted.

WHEREFORE, to avoid improperly prejudicial and inflammatory references, and to restrict the case to the issue at hand (whether Defendants violated the FDCPA), Plaintiff respectfully requests that this Court grant her Motion and exclude all evidence and argument pertaining to an award of attorney's fees to Plaintiff.

Respectfully Submitted,

By: __/s/ *Celetha Chatman*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
***Community Lawyers Group, Ltd.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com


Robert Zimmer
TX Bar No. 24098662
707 West 10th Street
Austin, TX  78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com


## **CERTIFICATE OF SERVICE**

I, Celetha Chatman, an attorney, hereby certify that on August 17, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: August 17, 2017**                                                                              Respectfully submitted,


                                                                                    By:   __/s/ *Celetha Chatman*