UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES, *Plaintiff* | § § § § § § § § § § | CASE NUMBER: 1:16-cv-00572-RP |
| v. | | |
| PORTFOLIO RECOVERY ASSOCIATES LLC PORTFOLIO SERVICES, LLC, and WESTERN SURETY COMPANY *Defendants*. | | |

**MOTION IN LIMINE #3 -- PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE ALL EVIDENCE, CLAIMS AND/OR REFERENCE RELATING TO PLAINTIFF'S STATUS, CHARACTER AND MOTIVES**

NOW COMES Plaintiff, Jean Jones, (hereinafter Plaintiff or "Ms. Jones"), by and through her attorneys, Community Lawyers Group, Ltd., and moves this Court for an Order in Limine directing Defendants, their witnesses, and attorneys, not to make any claim or reference to Plaintiff not being able to pay her debts; or the status, character, and motives of Plaintiff, and in support thereof, avers as follows:

### I. INTRODUCTION

1.  Insinuations as to Plaintiff's character, and inflammatory or prejudicial arguments are common in FDCPA cases, even though the only issue is whether or not Defendants complied with the FDCPA.

2.  These types of direct or implied attacks on Plaintiff are improper. *See* Fed. R. Evid. 401, 403, and 404.

3.  Defense attorneys often imply that the plaintiff has brought an FDCPA action as a means to avoid payment of debt.

4. Not only is this argument irrelevant as to Defendants' violation of the FDCPA, but it is simply not true.

5. Accordingly, Defendants should be precluded from making a "deadbeat" argument, as such an argument is irrelevant and immaterial to the instant action.

6. Defendants' counsel may attempt to inflame the jury by claiming that Plaintiff is in this case for the money.

7. By denigrating the motives of Plaintiff, Defendants contravene Congress' express intent that an individual be able to privately enforce the FDCPA.

8. Nothing in the FDCPA allows the jury to consider Plaintiff's motives in awarding damages. *See* 15 U.S.C. § 1692k(b)(l).

9. Therefore, any argument or evidence about Plaintiff's motives is irrelevant and should be excluded.

## II. ARGUMENT

10. Insinuations as to Plaintiff's character and inflammatory or prejudicial arguments are common in FDCPA cases, even though the only issue is whether or not Defendants complied with the FDCPA. These types of direct or implied attacks on Plaintiff are improper. *See* Fed. R. Evid. 401, 403, and 404.

**a. Deadbeat Argument**

One of the most frequent fallacies concerning debt collection legislation is the contention that the primary beneficiaries are deadbeats. S. Rep. No. 382 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 U.S.C.C.A.N. 1695,1697. Despite this fact, defense attorneys often imply that the plaintiff has brought an FDCPA action as a means to avoid payment of debt. Not only is this argument irrelevant to Defendants' violation of the FDCPA, but it is simply not true. An FDCPA

action has no effect on the underlying debt. Further, "no section of the Act requires an inquiry into the worthiness of the debtor, or purports to protect only deserving debtors." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1330 (7th Cir. 1997). "To the contrary, Congress has clearly indicated its belief that no consumer deserves to be abused in the collection process." *Id.* Moreover, as quoted from a case decided in the Fifth Circuit:

**The Act makes debt collectors liable for various "abusive, deceptive, and unfair debt collection practices" regardless of whether the debt is valid. In the definitional section of the Act, "debt" is defined as "any obligation or alleged obligation of the consumer to pay money." *Id.* § 1692a(5). As one of our sister circuits has observed, "The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. G.C. Serv. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982).**

***McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992).**

Accordingly, Defendants should be precluded from making a "deadbeat" argument, as such an argument is irrelevant and immaterial to the instant action.

### b. Plaintiff's Motives

The FDCPA relies on and encourages consumers, such as Plaintiff, to act as private attorneys general to enforce the public polices expressed therein. 15 U.S.C. §1692k(a). Indeed, Congress stated its unequivocal intent that private enforcement actions would be the primary enforcement tool of the FDCPA. *See Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982); *Wright v. Finance Service of Norwalk. Inc.*, 22 F.3d 647, 650 (6th Cir. 1994). Defendants' counsel may attempt to inflame the jury by claiming that Plaintiff is in this case for the money. By denigrating the motives of Plaintiff, Defendants contravene Congress' express intent that individuals, like Plaintiff, bring private enforcement actions. Defendants' argument is, of course, meant to reduce the statutory damage recovery for Plaintiff. Nothing in the FDCPA allows the jury to consider Plaintiff's motives in awarding damages. 15 U.S.C. §1692k(b)(l); *Masuda v. Thomas*

*Richards & Co.*, 759 F. Supp. 1456, 1467 (C.D. Cal. 1991). To determine the damages suffered by Plaintiff, the jury considers the nature of the violation, the frequency and persistence of the violation, and the extent to which the violation was intentional. *Id*. Therefore, any argument or evidence about Plaintiff's motives is irrelevant and should be excluded.

### III. CONCLUSION

To avoid improperly prejudicial and inflammatory references, and to restrict the case to the issue at hand (whether Defendants violated the FDCPA), Plaintiff respectfully requests that this Court grant her Motion and exclude evidence and argument pertaining to Plaintiff's character, status and motives.

Respectfully Submitted,

By:   /s/ *Celetha Chatman*
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
***Community Lawyers Group, Ltd.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

Robert Zimmer
TX Bar No. 24098662
707 West 10th Street
Austin, TX 78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com

## **CERTIFICATE OF SERVICE**

I, Celetha Chatman, an attorney, hereby certify that on August 17, 2017, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: August 17, 2017**                                                                     Respectfully submitted,

                                                                                                                  By:      /s/ *Celetha Chatman*