IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 1:16-cv-00572-RP |
| | § | |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC and WESTERN SURETY COMPANY | § | |
|    *Defendants.* | § | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S MOTIONS IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Portfolio Recovery Associates, LLC and Western Surety Company ("Defendants" herein), by and through counsel files its Objections to Plaintiff's Motions in Limine and to respectfully show unto the Court as follows:

**I.**

1. This case is set for trial on August 29, 2017. On August 12, 2017, Plaintiff filed six separate Motions in Limine. Docs. 64-69. Defendants file these objections as to those Motions in Limine.

### A. Motion in Limine #1: Availability of Attorney's Fees

2. This Motion in Limine should be denied. Plaintiff has brought this suit under the FDCPA and the TDCA. The Plaintiff can recover up to $1,000 in statutory damages from the FDCPA and up to $500 per violation under the TDCA[1], but is not entitled to the maximum amount. Why Plaintiff brought this case when—as shown by her own testimony—she had no knowledge of her

---

[1] Plaintiff has already admitted she did not suffer any actual damages. In her Motion in Limine, Plaintiff states she is not seeking actual damages. Plaintiff should not be allowed to recover damages under the TDCA if she is not seeking actual damages. *See Elston v. Resolution Servs., Inc.*, 950 S.W.2d 180, 185 (Tex. App.—Austin 1997); *see Tejero v. Portfolio Recovery Assocs., LLC,* No. A-16-CA-767-SS, 2017 WL 3217101, at *5 (W.D. Tex. July 27, 2017).

credit score or of how her credit score might have been effected should weigh in on how much statutory damages the jury decides to award Plaintiff. Evidence concerning the availability of attorney's fees will not be prejudicial to the two issues remaining, whether it was a consumer debt and whether Defendants are entitled to a bona fide error defense. Instead, it will only go towards helping the jury properly decided what statutory damages, if any, Plaintiff is entitled to.

3. This same issue was addressed in *Allen v. Scott*, No. 3:10-CV-02005-F, 2011 WL 13079618, at *1 (N.D. Tex. May 19, 2011). The court in *Allen* stated that "[t]he information concerning the attorneys' fee provision was considered important to the jury because it 'could explain why a lawsuit would be brought to trial for a technical violation, i.e., it was pursued as a means of generating attorney's fees.'" *Allen*, 2011 WL 12079618, at *1 (quoting *Addison v. Brand*, 34 F. Supp. 2d 407, 409 (M.D. La. 1998)). The Court further noted that is it is inaccurate to say that Allen's recovery of attorneys' fees is irrelevant to the jury's determination because the Court is required to award a reasonable amount of fees to successful plaintiffs. Thus, the jury decides whether Allen will receive any attorneys' fees." *Id*. This Court should adopt the reasoning found in *Allen* and deny Plaintiff's Motion in Limine #1.

**B. Motion in Limine #2: Existence and Validity of the Original Debt**

4. This Motion in Limine should be denied. The Court issued it order on the motions for summary judgment on August 16, 2017. In that order, the Court held that "there is a factual dispute with respect to whether Plaintiff has been the object of collection activity arising from a consumer debt." Thus, the existence and validity of the underlying debt is directly at issue in this case, as it must be talked about in order to establish consumer standing. Plaintiff's Motion in Limine #2 should be denied.

### C. Motion in Limine #3: Plaintiff's Status, Character, and Motives

5.  This Motion in Limine should be denied. First, these issues go to the issues of damages. The Plaintiff can recover up to $1,000 in statutory damages, but is not entitled to the maximum amount. The Plaintiff's character and motives goes towards determining the proper amount, if any, of statutory damages. Second, section 1692k of the FDCPA states that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Character and motive goes towards this issue as well. Plaintiff's Motion in Limine # 3 should be denied.

### D. Motion in Limine #4: Attorney's Motives

6.  This Motion in Limine should be denied. Again, this goes towards the issues of damages, as Section 1692k of the FDCPA states that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Character and motive goes towards this issue as well, especially considering the well-documented egregious behavior of Plaintiff's counsel. Plaintiff's attorney has filed multiple lawsuits using the same letter, the same theory and the same pleadings. *See Tejero*, 2017 WL 3217101, at *1 n. 1 ("This letter is identical to letters allegedly submitted by other debtors in several other cases before this Court.").

7.  These virtually identical lawsuits Plaintiff's counsel has filed have been described as a case "featuring only the aspiration of attorney's fees[,]"[2] "a sterling example of an irresponsible lawsuit[,]"[3] and a potential "scheme to force settlements from debt collectors by abusing the

---

[2] *Palomo v. Portfolio Recovery Associates, LLC*, No. 1:16–cv–00628 (W.D. Tex. Apr. 3, 2017), ECF # 26.
[3] *Palomo v. Portfolio Recovery Associates, LLC*, No. 1:16–cv–00628 (W.D. Tex. Apr. 3, 2017), ECF # 34.

FDCPA."[4] The motives of Plaintiff's attorneys are directly at issue in this case. This is seen in these very Motions for Limine, where Plaintiff states that Defendants "refuses[] to make any reasonable settlement offer or to make an offer of judgment that is enforceable" and then in the very next Motion for Limine seeks to exclude the properly tendered, enforceable offer of judgment that Defendants made in this case. *Compare* Doc. 67 ¶ 4 *with* Doc. 69. This all points to this action being brought in bad faith. Just as in *Tejero*, "[t]his case has the appearance of being a lawsuit misusing the statutes involved." *Tejero*, 2017 WL 3217101, at *5. The factual determinations to be made in this case should "be guided by the apparent lack of good faith in this case." *Id.* Plaintiff's Motion in Limine #5 should be denied.

8. These issues are all issues that should be presented at trial, as they go to the issue of the amount of damages and whether Plaintiff brought this suit in good faith. Plaintiff should not be allowed to skirt around these issues. For this reason, Defendants file these objections to Plaintiff's Motions in Limine.

WHEREFORE, PREMISES CONSIDERED, Defendants Portfolio Recovery Associates, LLC and Western Surety Company respectfully request that this Court deny Plaintiff's Motions in Limine.

[SIGNATURE BLOCK ON NEXT PAGE]

---

[4] *Tejero v. Portfolio Recovery Assocs., LLC*, No. A-16-CA-767-SS, 2017 WL 3217101, at *5 (W.D. Tex. July 27, 2017).

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
NCX Building, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
P: 214-346-2630 | F: 214-346-2631

*COUNSEL FOR DEFENDANTS*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded **via CM/ECF** on this 24th day of August, 2017 to.

Michael Wood
Community Lawyers Group, Ltd.
University Park
3300 N. Interstate Hwy 35, Suite 7018
P. 512-524-9352 | F. 512-593-5976
mwood@communitylawyersgroup.com
*Lead Counsel for Plaintiff*

Celetha Chatman
Community Lawyers Group, Ltd.
73 W Monroe
Chicago, IL 60603
P: 312-757-1880 | F: 312-265-3227
cchatman@communitylawersgroup.com
*Lead Counsel for Plaintiff*

Tyler Hickle
Law Office of Tyler Hickle
4005C Banister Lane, Ste. 120C
Austin, TX 78704
P: 512-289-3831 | F: 512-870-9505
tylerhickle@hicklelegal.com

Robert Zimmer, Jr.
Zimmer & Associates
707 W. 10th St.
Austin, TX 78701
P: 512-434-0306 | F: 310-943-6954
zimmerlawTX@gmail.com
*Lead Counsel for Plaintiff*

/s/ Robbie Malone
ROBBIE MALONE

**Defendants' Objections to Plaintiff's Motions in Limine**   Page **5** of **5**
M:\264.0000 Portfolio Recovery Associates, L.L.C\264.0067 Jean Jones v. PRA\PLEADINGS\Trial\objections\264.0067 Objections to Plaintiffs MIL.docx