IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JEAN JONES §<br>   *Plaintiff,* §<br>§<br>v. §<br>§<br>§<br>PORTFOLIO RECOVERY ASSOCIATES, §<br>LLC and WESTERN SURETY COMPANY §<br>   *Defendants.* § | Case No. 1:16-cv-00572-RP |

# DEFENDANTS' OBJECTIONS TO PLAINTIFF'S STATEMENT AND IDENTIFICATION OF EXHIBITS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Portfolio Recovery Associates, LLC and Western Surety Company ("Defendants" herein), by and through counsel files its Objections to Plaintiff's Statement and Identification of Exhibits, and will show onto this Court as follows:

**I.**

1. Plaintiff has identified two exhibits she plans to use during trial. Doc. 71. These two exhibits are the supposed dispute letter and Home Shopping Network Credit Card Account Statements. Both of these exhibits are hearsay, and Plaintiff should be prohibited from using them.

**A. The Dispute Letter is Hearsay**

2. Plaintiff seeks to admit the supposed dispute letter. Doc. 71. The letter is an out of court statement offered to prove that Plaintiff disputed the debt. Thus, the letter is hearsay. Fed. R. Evid. 802. Plaintiff has admitted that she did not write the letter through her admissions. None of the exceptions found in Rule 803 or 804 of the Federal Rules of Evidence apply in this situation. This letter should be prohibited as hearsay.

3.     Plaintiff cannot authenticate the letter either, as Plaintiff lacks the knowledge required to testify about what is in the letter. Fed. R. Evid. 901. Plaintiff testified in her deposition that she did not know where the supposed account numbers came from. This is just one example showing that, even if the letter was not hearsay, Plaintiff does not have the knowledge required to prove the contents of the letter are accurate. Plaintiff should not be allowed to use the unauthenticated hearsay letter at trial.

### B. The Home Shopping Network Credit Card Account Statements are Hearsay

4.     Plaintiff seeks to admit the Home Shopping Network Credit Card Account Statements (the "Statements"). Doc. 71. Plaintiff does this despite claiming the underlying debt is "simply irrelevant." Doc. 65 ¶ 1. Regardless of Plaintiff's opinions on this matter, these documents are clearly hearsay under Fed. R. Evid. 802. The Statements were made by a nonparty to this suit. No exception applies to the Statements, and they should be denied as hearsay.

5.     Information need not be admissible to be discoverable. Fed. R. Civ. 26(b)(1). As an extension of this, the documents are not admissible merely because Defendants produced them during discovery. Plaintiff must still offer sufficient grounds to admit the documents under the Federal Rules of Evidence. Because the documents are hearsay and Plaintiff cannot prove an exception applies, Plaintiff cannot offer sufficient grounds to admit the Statements. Plaintiff cannot authenticate the Statements under Fed. R. Evid. 901 either.

6.     They cannot be admitted under the business records exception because "[t]he business records exception to the hearsay rule applies only if the person who makes the statement "is himself acting in the regular course of business." *Rock v. Huffco Gas & Oil Co.*, 922 F.2d 272, 279 (5th Cir. 1991) (quoting *Florida Canal Industries, Inc. v. Rambo*, 537 F.2d 200, 202 (5th

Cir.1976)). Plaintiff did not create these Statements while acting in the regular course of business, and thus the business records exception does not apply.

7.     There is no exception to the hearsay rules that apply to these Statements. Plaintiff cannot establish sufficient grounds for the admissibility of these documents, and as such Plaintiff should not be allowed to introduce them. Plaintiff herself has already testified in her deposition that she was unfamiliar with the account, does not remember looking into what the account may have been, that there were no credit cards she did not pay off besides the Mileage Plus and Target cards, and she did not do anything to find out what the debt actually was. *See* Doc. 33 at 7; Doc. 33-1, Ex. A at 16:4-13; 19:5-11; 20:21-21:1; 25:2-10. Plaintiff has already proven she has no idea about the debt, so she cannot authenticate any of these Statements.

8.     Both of Plaintiff's proposed exhibits are hearsay under the Federal Rules of Evidence. Both lack an applicable exception. Plaintiff should be prohibited from using these exhibits at trial.

WHEREFORE, PREMISES CONSIDERED, Defendants Portfolio Recovery Associates, LLC and Western Surety Company respectfully request that this Court rule that the Dispute Letter and Home Shopping Network Credit Card Account Statements are hearsay and prohibit the Plaintiff from using them at trial.

[S<span>IGNATURE</span> B<span>LOCK ON</span> N<span>EXT</span> P<span>AGE</span>]

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
NCX Building, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
P: 214-346-2630 | F: 214-346-2631

*COUNSEL FOR DEFENDANTS*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded **via CM/ECF** on this 24th day of August, 2017 to.

Michael Wood
Community Lawyers Group, Ltd.
University Park
3300 N. Interstate Hwy 35, Suite 7018
P. 512-524-9352 | F. 512-593-5976
mwood@communitylawyersgroup.com
*Lead Counsel for Plaintiff*

Tyler Hickle
Law Office of Tyler Hickle
4005C Banister Lane, Ste. 120C
Austin, TX 78704
P: 512-289-3831 | F: 512-870-9505
tylerhickle@hicklelegal.com

Celetha Chatman
Community Lawyers Group, Ltd.
73 W Monroe
Chicago, IL 60603
P: 312-757-1880 | F: 312-265-3227
cchatman@communitylawersgroup.com
*Lead Counsel for Plaintiff*

Robert Zimmer, Jr.
Zimmer & Associates
707 W. 10th St.
Austin, TX 78701
P: 512-434-0306 | F: 310-943-6954
zimmerlawTX@gmail.com
*Lead Counsel for Plaintiff*

/s/ Robbie Malone
ROBBIE MALONE