FILED
Aug 29 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:16-CV-572-RP |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES and WESTERN SURETY, CO., | § § § | |
| | § | |
| Defendants. | § | |

## JURY CHARGE

### I. GENERAL INSTRUCTIONS FOR THE JURY

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of the trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

The instructions that follow will indicate whose burden it is to prove every element essential to its claim or defense by a "preponderance of the evidence." A preponderance of the evidence simply means the amount of evidence that persuades you a claim or defense is more likely true than

1

not true. In determining whether any fact has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who called them, and all exhibits received in evidence, regardless of who produced them. If the proof fails to establish any essential part of a claim or defense by a preponderance of the evidence, then you must find against the party that has the burden to prove the claim or defense.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe what each person had to say and how important that testimony was. In making that decision, I suggest you ask yourself a few questions: Did the person impress you as honest? Did the witness have any relationship with any party to the case? Did the witness have a good memory? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that may help you determine the accuracy of what each witness said.

In making up your mind and reaching a verdict, you must think about the testimony of each witness and decide how much you believe of what each witness said. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all the other evidence you believe that single witness. The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with testimony the witness gave at this trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget certain details or recollect events inaccurately. So, if a witness has made a misstatement, you

need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you may draw reasonable inferences from the testimony and the exhibits that you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

There are two types of evidence that you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, which is the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You should not interpret the fact that I have given instructions about the Plaintiffs' damages as an indication in any way that I believe Plaintiffs should or should not win this case.

## II. STIPULATIONS

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court. The parties have stipulated to the facts listed below:

1. PRA purchased the right to payment of debt at issue after Plaintiff defaulted on the debt.

2. PRA attempted to collect the alleged debt at issue for the periods of December 8, 2014 through November 15, 2015.

3. PRA communicated negative credit reporting information about Plaintiff—specifically, the default and amount owed to PRA with respect to the debt at issue—to a credit reporting agency.

### III. FDCPA and TDCA

Plaintiff brings this action against Defendants based on 15 U.S.C. § 1692, et seq., commonly known as the Fair Debt Collection Practices Act, which for convenience, I may refer to as the "FDCPA." Plaintiff contends that Defendants violated FDCPA § 1692e(8) by failing to communicate the fact that Plaintiff disputed her debt to a credit reporting agency, Experian. Specifically, FDCPA § 1692e(8) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

Because Plaintiff is a resident of the state of Texas, she is entitled to certain protections under state law as well as under federal law. Accordingly, Plaintiff also brings this action against Defendants based on Chapter 392 of the Texas Finance Code, commonly known as the Texas Debt Collection Act, which for convenience I may refer to as the TDCA. Plaintiff contends that Defendants violated TDCA § 392.202 by failing to make a written record of Plaintiff's dispute with the credit bureau and by failing to cease collection efforts in accordance with TDCA § 392.202. Specifically, TDCA § 392.202 states:

> (a) An individual who disputes the accuracy of an item that is in a third-party debt collector's or credit bureau's file on the individual and that relates to a debt being collected by the third-party debt collector may notify in writing the third-party debt collector of the inaccuracy. The third-party debt collector shall make a written record of the dispute. If the third-party debt collector does not report information related to the dispute to a credit bureau, the third-party debt collector shall cease collection efforts until an investigation of the dispute described by Subsections (b)-(e) determines the accurate amount of the debt, if any. If the third-party debt

5

collector reports information related to the dispute to a credit bureau, the reporting third-party debt collector shall initiate an investigation of the dispute described by Subsections (b)-(e) and shall cease collection efforts until the investigation determines the accurate amount of the debt, if any. [. . .]

(b) Not later than the 30th day after the date a notice of inaccuracy is received, a third-party debt collector who initiates an investigation shall send a written statement to the individual:

   (1) denying the inaccuracy;

   (2) admitting the inaccuracy; or

   (3) stating that the third-party debt collector has not had sufficient time to complete an investigation of the inaccuracy.

(c) If the third-party debt collector admits that the item is inaccurate under Subsection (b), the third-party debt collector shall:

   (1) not later than the fifth business day after the date of the admission, correct the item in the relevant file; and

   (2) immediately cease collection efforts related to the portion of the debt that was found to be inaccurate and on correction of the item send, to each person who has previously received a report from the third-party debt collector containing the inaccurate information, notice of the inaccuracy and a copy of an accurate report.

(d) If the third-party debt collector states that there has not been sufficient time to complete an investigation, the third-party debt collector shall immediately:

   (1) change the item in the relevant file as requested by the individual;

   (2) send to each person who previously received the report containing the information a notice that is equivalent to a notice under Subsection (c) and a copy of the changed report; and

   (3) cease collection efforts.

(e) On completion by the third-party debt collector of the investigation, the third-party debt collector shall inform the individual of the determination of whether the item is accurate or inaccurate. If the third-party debt collector determines that the information was accurate, the third-party debt collector may again report that information and resume collection efforts.

To succeed on her claims under both federal and state law, Plaintiff must show that (1) Defendants are debt collectors as defined by the FDCPA; (2) Defendants have engaged in an act or omission prohibited by the FDCPA; and (3) Plaintiff has been the object of collection activity arising from a consumer debt.

The TDCA defines a "consumer debt" as any obligation or alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction. A non-consumer debt, or business debt, is not covered under the FDCPA or TDCA.

6

The FDCPA is a "strict liability" statute. "Strict liability" is a legal term. In this context, it means that Plaintiffs need *not* prove, as an initial matter, that Defendant acted with malice, with intent, with the purpose of harming Plaintiff, with negligence, or with carelessness. Defendant is liable to Plaintiff if it violated any provision of the FDCPA, even if it is a purely technical violation. Proof of a single violation is sufficient to support a finding in favor of Plaintiff, and against Defendant, rendering Defendant liable to Plaintiff for damages.

## IV. BONA FIDE ERROR

Even if a plaintiff shows that a debt collector has violated the FDCPA and/or TDCA, the FDCPA contains an exception to the provisions imposing liability via an affirmative defense known as the "bona fide error defense."

To qualify for the bona fide error defense, Defendants must prove by a preponderance of the evidence that (1) PRA did not intend to violate the Act; (2) the violation resulted from a genuine error; and (3) PRA maintained procedures reasonably adapted to avoid the violation that occurred.

The TDCA contains a similar exception. Under the Texas law, "[a] person does not violate this chapter if the action complained of resulted from a bona fide error that occurred notwithstanding the use of reasonable procedures adopted to avoid the error."

## V. FDCPA DAMAGES

The FDCPA permits damages to be awarded against a debt collector who violates the Act in any manner. For you to award damages to the Plaintiff in this case, you must find that Plaintiff's debt is a consumer debt and that Defendants' liability is not defeated by a bona fide error defense.

In determining the amount of statutory damages to be awarded, whether $1.00 or up to and including $1,000.00, the FDCPA provides that the jury shall consider among other relevant factors,

7

the frequency and persistence of noncompliance of the Act by the debt collector, the nature of such noncompliance with the Act, and the extent to which noncompliance was intentional.

## VI. TDCA DAMAGES

The TCDA provides that a person who successfully maintains an action for violation of Section 392.101, 392.202, or 392.301(a)(3) is entitled to not less than $100 for each violation of this chapter. If you find that (a) Defendants sought to collect a consumer debt from Plaintiff; and (b) Defendants' violation was not the result of a bona fide error, then you may award Plaintiff damages of no less than $100 per violation.

## INSTRUCTIONS ON DELIBERATION

When you retire to the jury room to deliberate, you may take with you the charge, the Verdict Form and the exhibits that the Court has admitted into evidence. Select your Presiding Juror and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial.

After you have reached your unanimous verdict, your Presiding Juror must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Having now heard the closing arguments of parties, you will now retire to the jury room to deliberate on your verdict.

Submitted the 29th day of August, 2017, at 4:45 o'clock p.m.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

9