IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 1:16-cv-00572-RP |
| | § | |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC | § | |
|    *Defendant.* | § | |

**DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS MATTER OF LAW**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Portfolio Recovery Associates, LLC ("PRA") and Western Surety Company ("Western") (together "Defendants") by and through counsel files its Renewed Motion for Judgment as Matter of Law[1], and to respectfully show onto the Court as follows:

**I. Introduction**

1.      In our legal system, a plaintiff files a complaint to begin a lawsuit. In this complaint, it is the plaintiff that dictates the facts and statutes that govern the lawsuit. Likewise, it is incumbent that plaintiff meet their burden of proof in proving the facts of the allegations found in the plaintiff's complaint. In this case, Plaintiff wholly failed to meet this burden.

2.      Plaintiff chose to bring this lawsuit under the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Practices Act[2] ("TDCPA"). The first element of both of these claims is a showing that the particular debt that is the subject of the collection activity complained of is a consumer debt. Plaintiff chose to complain about the collection of a particular

---

[1] Defendants file this Motion concurrently with a Motion for New Trial.

[2] This statute is called both the Texas Debt Collect Practices Act and the Texas Debt Collection Act, shortened as both TDCPA and TDCA.

debt, but then Plaintiff did not present any evidence as to the particular debt that she complained

of. Plaintiff entirely failed to meet the threshold step of establishing that the debt she chose to

complain of was a consumer debt under the statutes she chose to bring this lawsuit under.

3.      Plaintiff's complaint concerned an alleged debt for $8,642 from the original creditor of

Synchrony Bank. Doc. 1 ¶ 21, Doc. 1-2 at 5. At trial however, Plaintiff only testified as to two

credit cards, one from QVC and one from Home Shopping Network ("HSN"), neither of which

were financed or connected in any way to Synchrony Bank. Exhibit A at 48:18-22, 69:24-70:19.

Never once did Plaintiff testify as to what the debt originally owed to Synchrony Bank was. *See*

*generally id*.  Plaintiff never even said the word Synchrony. *Id.* Plaintiff presented no exhibits. *Id.*

at 2. In short, Plaintiff presented absolutely no evidence as to the nature, type, or origin of the

Synchrony Bank debt. This evidence is clearly not legally sufficient to show the consumer status

of the debt which is required to prevail under the FDCPA or the TDCPA. Judgment as a matter of

law must be granted for Defendants.

4.      At trial, Defendants offered undisputed evidence and testimony on the two accounts that

PRA actually had that were opened by Plaintiff. The first account was the alleged Synchrony Bank

debt that Plaintiff identified in her complaint. *Id.* at 69:15-23. Defendants' witness testified that

the Synchrony Bank debt was not for a QVC credit card. *Id.* at 69:24-70:3, 70:14-16. The evidence

showed and the witness testified that the second account was with Comenity Capital Bank and was

for a HSN account. *Id*. at 69:25-70:2. Defendants' witness testified that the account the dispute

letter was received on was the Synchrony Bank debt that was identified in Plaintiff's complaint.

*Id.* at 70:17-19. The only debt Plaintiff disputed was the Synchrony Bank debt. There is no feasible

argument that any evidence presented by Plaintiff could prove the consumer status of the debt that

was the subject of the collection activity complained of, since Plaintiff offered no evidence as to the Synchrony Bank debt, which was the debt in question.

5.       Taken together, there is no evidence showing consumer status of the debt that was at issue. Plaintiff presented no real evidence concerning the Synchrony Bank debt, whereas Defendant presented evidence that showed that the only evidence offered by Plaintiff did not apply to the debt that was the subject of this lawsuit. Plaintiff did not know what the debt was about at her deposition, and she had not even looked into it until a few days before trial. *Id.* at 123:13-124:21. Plaintiff did not know anything about it until discussing it with her attorneys before the trial. *Id.* at 129:8-14. Even then, Plaintiff learned of different debts than she had plead in her complaint and presented absolutely no evidence concerning the Synchrony Bank debt that was the subject of this lawsuit. Plaintiff completely failed to satisfy her evidential burdens.

6.       Both the FDCPA and the TDCPA require that the debt in question be a consumer debt. The burden is on Plaintiff to establish each essential element of her claim in accordance with what she pleaded. Thus, the burden was on Plaintiff to establish that the particular debt that she plead in her complaint was a consumer debt. Plaintiff did not meet this burden. The burden is not on Defendants to show that the debt is not a consumer debt. The consumer debt standing is a threshold matter that Plaintiff must establish. At trial, Plaintiff did not offer any evidence at all as to the Synchrony Bank debt that was pleaded in her petition. Instead, she offered testimony as to two entirely different accounts that were unrelated and irrelevant to her lawsuit.  Thus, Plaintiff failed to establish a legally sufficient evidentiary basis that the Synchrony Bank debt was a consumer debt, and failed to establish the threshold matter for one of the essential elements of her complaint. Because of this, this Court should grant judgment as a matter of law in Defendants' favor.

## II. Arguments and Authorities

### A. Standard of Law

7.      It is well-settled law that "[a] properly pleaded complaint must give 'fair notice of what the claim is and the grounds upon which it rests.'" *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009)). To prevail at trial, a plaintiff must prove all the essential elements of her claims. *See, e.g., Buchanan v. Circle K Stores Inc.*, No. CV 14-2690, 2016 WL 1437144, at *8 (E.D. La. Apr. 12, 2016) ("In order to prevail at trial, the plaintiff must prove all three elements of the merchant liability statute."). In civil litigation, "the plaintiff[] must prove the essential allegations of their complaint by a preponderance of the evidence." *Louisiana Wildlife Fed'n, Inc. v. York*, 761 F.2d 1044, 1054 (5th Cir. 1985) (J. Alvin, dissenting). An essential allegation in Plaintiff's complaint in this case concerned a Synchrony Bank debt of $8,642.

8.      Pursuant to Fed. R. Civ. P. 50(a), the court may grant judgment as a matter of law ("JMOL") during a jury trial once the jury has fully heard evidence on an issue if the court finds that a "reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1); *see also Phillips v. F.D. East*, 81 Fed. Appx. 483, 485 (5th Cir. 2003) ("Judgment as a matter of law is granted properly when 'a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue.'") (quoting *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). Even if the court denies a motion for JMOL during trial, the party may renew its motion following trial. Pursuant to Rule 50(b), the court may grant judgment as a matter of law following a jury verdict on an issue so long as the motion is filed within 28 days of the entry of judgment. Fed. R. Civ. P. 50(b)

9.      "A party is entitled to judgment as a matter of law 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091, 1099 (5th Cir.2001) (citations omitted). In deciding whether to grant a JMOL, the court does not "weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury. Judgment as a matter of law is appropriate ... if there is no legally sufficient evidentiary basis for a claim under the controlling law." *Id*. When ruling on a Rule 50(b) motion for judgment as a matter of law, "[a] jury verdict must stand unless there is a lack of substantial evidence, in the light most favorable to the successful party, to support the verdict." *Am. Home Assurance Co. v. United Space Alliance, LLC*, 378 F.3d 482, 487 (5th Cir. 2004). Accordingly, the question for this Court "is whether the state of proof is such that reasonable and impartial minds could reach the conclusion the jury expressed in its verdict." *Id*. (internal quotation marks omitted); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151, (2000) ("Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe.").

10.     Judgment as a matter of law is appropriate "if the nonmoving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof." *Bryan v. James E. Holmes Regional Medical Ctr.*, 33 F.3d 1318, 1333 (11th Cir.1994) (internal quotations omitted). The Fifth Circuit has held that "[a] mere scintilla of evidence is insufficient to present a question for the jury." *Hunter on Behalf of Hunter v. Knoll Rig & Equip. Mfg. Co.*, 70 F.3d 803, 808 (5th Cir. 1995) (citing *Boeing Co. v. Shipman*, 411 F.2d 365 (5th Cir. 1969) (en banc)). In this case, Plaintiff did not even offer a mere scintilla of evidence concerning the Synchrony Bank debt that was pleaded in Plaintiff's complaint. Rather, Plaintiff offered no evidence on the Synchrony Bank debt. Thus, judgment as a matter of law is proper.

**B.** **Plaintiff did not prove the required consumer standing to prevail under the FDCPA**

11.     The very first element the Plaintiff must prove to prevail on an FDCPA claim is that the Plaintiff has been the object of collection activity arising from a consumer debt. *Stewart v. Alonzo*, No. C-08-347, 2009 U.S. Dist. LEXIS 5362, 2009 WL 174938, at * 2 (S.D. Tex. Jan. 26, 2009). The burden is on Plaintiff to show that is a consumer debt, a burden which Plaintiff did not meet. *Id.* A "consumer" is "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id*. § 1692a(5). Plaintiff entirely failed to meet this essential element.

12.     "To recover under the FDCPA, a plaintiff must make a threshold showing that the money being collected qualifies as a 'debt.'" *Balthazor v. Sec. Credit Servs., LLC*, No. 11-60867-CIV, 2012 U.S. Dist. LEXIS 6495, at *4-5 (S.D. Fla. 2012). In determining whether a debt is a consumer debt, it is the "substance of the transaction" that created the debt must be examined. *Riviere v. Banner Chevrolet*, 184 F.3d 457, 462 (5th Cir. 1999). The nature of the debt is determined by the use of the money, not the motive or intent. *See Garcia v. LVNV Funding LLC*, Case No. A-08-CA-514-LY, 2009 U.S. Dist. LEXIS 85967, at *3. Plaintiff bears the burden to prove this at trial. *Id*. Plaintiff failed to meet this burden. Plaintiff statements that any debts she had would be consumer debts goes to the motive or intent of Plaintiff, and not to the substance of the transaction.

13.     Plaintiff was required to present "evidence that this *particular* alleged debt meets the statutory definition" of consumer debt under the FDCPA. *Browne v. Portfolio Recovery Ass.*, Civ. No. H-11-02869, 2012 U.S. Dist. LEXIS 31257, at *12 (N.D. Tex. Mar. 7, 2013) (emphasis

added). Not only did Plaintiff fail to present any evidence that the particular alleged debt was a consumer debt, she failed to offer any evidence at all about the Synchrony Bank debt that was the subject of her lawsuit. Because Plaintiff did not offer any evidence regarding the particular debt that was pleaded, judgment as a matter of law in Defendants' favor is proper. *See Ritchie v. Cavalry Portfolio Services, LLC,* No. 8:08-cv-01725 (M.D. Fla. 2008), Docket Entry 99 (granting defendant's motion for directed verdict when plaintiff failed to prove particular debt was for personal, family or household purposes); *Garcia*, 2009 U.S. Dist. LEXIS 85967, at *4 (granting summary judgment when nothing on the record "indicate[d] whether the underlying debt was primarily for personal, family, or household purposes"); *Hardy v. N. Leasing Sys., Inc.*, 953 F. Supp. 2d 150, 160 (D.D.C.2013) ("[N]otwithstanding the plaintiff's *unsupported assertion* that 'said equipment, if used, was for personal use only[,]'... she fails to establish that the underlying debt was a consumer debt primarily for personal, family, or household purposes.") (emphasis added); *Edwards v. Ocwen Loan Servicing, LLC*, 24 F. Supp. 3d 21, 27 (D.D.C. 2014) ("Plaintiff's repeated recitations of the statutory language, . . . without more, are insufficient to allege that her mortgage loan meets the FDCPA's definition of a 'debt.'"); *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2013 U.S. Dist. LEXIS 172457, at *26 (N.D. Tex. 2013) ("Plaintiffs' verified response simply restates their bare conclusory assertion that they obtained the WFB loan for consumer purposes, but it provides no additional facts that could lead a rational trier of fact to find in their favor on this issue.").

14.      Plaintiff's complaint is based entirely on a debt from Synchrony Bank. Doc. 1; Doc. 1-2 at 5. Plaintiff only testified that she had a QVC credit card and a Home Shopping Network credit card, neither of which are the Synchrony Bank debt. Exhibit A at 32-33, 69:24-70:19. Nowhere in Plaintiff's testimony does Plaintiff offer any evidence as to what type of debt the Synchrony Bank

debt was, nor did she offer any evidence as to the Synchrony Bank debt at all.  Offering evidence of what other debts Plaintiff might have had is not evidence that this *particular* debt—the Synchrony Bank debt—meets the statutory definitions. *Browne*, 2012 U.S. Dist. LEXIS 31257, at *12. Plaintiff presented no evidence that linked either the QVC credit card or the Home Shopping Network credit card to the Synchrony Bank debt. To the contrary, Defendant offered testimony and evidence that the QVC and the HSN cards were not the Synchrony Bank debt. Exhibit A at 69:15-70:19. Plaintiff only offered general testimony that she incurred other potential consumer debts. These "bare statement[s] are not evidence that this particular alleged debt is consumer debt as defined by the FDCPA." *Browne*, 2012 U.S. Dist. LEXIS 31257, at *12; *see Franklin v. Dean*, No. 2:11-CV-683-WKW [WO], 2013 U.S. Dist. LEXIS 63907, at *16 (M.D. Ala. 2013) (finding plaintiff failed to carry her burden when she "presented no evidence of the nature of the underlying debt."); *Hardy*, 953 F. Supp. 2d at 160 ("[N]otwithstanding the plaintiff's unsupported assertion that 'said equipment, if used, was for personal use only[,]'... she fails to establish that the underlying debt was a consumer debt primarily for personal, family, or household purposes.").

15.     In *Matin*, the court found that plaintiff had not established consumer standing "because Matin herself is unable to recall what purchases she made on her credit card and the purpose for those purchases." *Matin v. Fulton, Friedman & Gullace LLP*, 826 F. Supp. 2d 808, 812 (E.D. Pa. 2011). The court noted that "[a] residential address and an individual debtor—on inferences alone—do not a consumer debt make, even applying the grace we are obliged to extend." *Id.* (citations omitted). This is what Plaintiff seeks here, an inference not based on any actual evidence or testimony. This approach should be rejected. Plaintiff must present evidence of the *particular* debt that she plead in petition, which she did not do.

16.     Likewise, in *Cushman*, the court found plaintiff lacked consumer standing when:

> Plaintiff has presented no evidence that she applied for her American Express credit card to make any specific purchase. When questioned during her deposition as to why she applied for the credit card in the first place, Cushman stated that she could not remember. She could recall no large purchase she had planned. In fact, when asked what she used the card for, Cushman stated that it was for "[g]eneral purposes."

*Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 844 (S.D. Tex. 2009) (internal citations omitted).

Though *Cushman* is a Deceptive Trades Practices Act and not an FDCPA or TDCPA case[3], it still stands for the proposition that some evidence of consumer standing as to the debt in question must be presented. Here, like in *Cushman*, Plaintiff presented no evidence of what created the Synchrony Bank debt. Plaintiff only presented evidence as to two other separate debts. Exhibit A at 48:18-22. Neither the QVC nor the HSN debt was the subject of this lawsuit, and are completely irrelevant to the allegations in Plaintiff's complaint. Doc. 1. Plaintiff wholly failed to present any evidence as to the Synchrony Bank debt, how it was incurred, or what it was incurred for. Plaintiff entirely failed to maintain her burden to show that the Synchrony Bank debt was a consumer debt.

17.    The burden was on Plaintiff to prove she had been "the object of collection activity arising from *consumer* debt. . . ." *Garcia*, 2009 U.S. Dist. LEXIS 85967, at *14 (emphasis in original). Plaintiff offered no evidence that the particular debt that was the subject of any collection activity was a consumer debt. The only evidence entered about the Synchrony Bank debt was that it was not for a QVC account or an HSN account, and that the HSN account was from Comenity Capital Bank. Plaintiff failed to prove that the debt she complained of in her complaint, and the debt that the letter addressed, was a consumer debt. Exhibit A at 69:24-70:19.

18.    There is simply no evidence that the Synchrony Bank debt was a consumer debt. The burden is on Plaintiff to prove the facts pleaded in the complaint, and the burden is on Plaintiff to

---

[3] Defendants are not seeking to apply the consumer status from the DTPA to this case, only to show similarities in the lack of evidence presented at trial.

show that the particular debt at issued is a consumer debt. Plaintiff pleaded in her complaint that she was the subject of collection activities regarding the Synchrony Bank debt. Doc. 1 ¶ 21, Doc. 1-2 at 5. Plaintiff presented no evidence at trial as to the nature of the Synchrony Bank debt. In fact, she never even mentioned the account or said the word Synchrony. Blanket statements that Plaintiff's other debts might be consumer debts is not legally sufficient evidence. *See Browne*, 2012 U.S. Dist. LEXIS 31257, at *12 ("bare statement[s] are not evidence that this particular alleged debt is consumer debt as defined by the FDCPA"); *Hardy*, 953 F. Supp. 2d at 160 ("[N]otwithstanding the plaintiff's unsupported assertion that 'said equipment, if used, was for personal use only[,]'... she fails to establish that the underlying debt was a consumer debt primarily for personal, family, or household purposes."). Plaintiff presented no evidence as to the "substance of the transaction" that created the debt. *Riviere*, 184 F.3d at 462. Rather, the testimony that all of her debts would be consumer debts go to the motive or intent of Plaintiff, and not to the actual nature of the debt. *See Garcia*, 2009 U.S. Dist. LEXIS 85967, at *3 ("Whether a debt is a consumer debt is determined by the use of loan proceeds by the borrower and *not by the motive or intent of the lender.*) (emphasis added).

19.     Plaintiff did not present one iota of evidence as the Synchrony Bank debt or its consumer status. Plaintiff entirely failed to carry her burden on the consumer debt issue. Thus, there is no legally sufficient evidentiary basis on which a reasonable jury could find that the debt was a consumer debt under the FDCPA. In fact, there is not even a scintilla of evidence, and judgment as a matter of law is proper. *See Hunter*, 70 F.3d at 808.

**C.     Plaintiff did not prove the required consumer standing to prevail under the TDCA**

20.     Like the FDCPA, the TDCPA requires the debt be a consumer debt.  Tex. Fin. Code Ann. § 392.001(1) (2009). "Consumer debt" is an obligation "primarily for personal, family, or

household purposes and arising from a transaction." *Id*. at § 392.001(2). Establishing the debt as a consumer debt is a prerequisite to prevailing on suit under the TDCPA. *Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 841 (S.D. Tex. 2009), *aff'd sub nom. Cushman v. GC Servs., L.P.*, 397 F. App'x 24 (5th Cir. 2010). "Because 'consumer debt' has the same definition in the TDCPA as in the FDCPA, the same analysis may be applied to both statutes." *Jenkins/Babb LLP*, 2013 U.S. Dist. LEXIS 172457, at *31 (granting summary judgment when plaintiff only relied on "bare conclusory assertion").

21.     Plaintiff did not present any evidence that the Synchrony Bank debt was a consumer debt under the TDCPA. As such, Plaintiff cannot prevail on her TDCPA claim, just as she cannot prevail on her FDCPA claim. *Id.* at *33 (Plaintiff "must proffer evidence sufficient to show that they used those cards primarily for personal, family, or household purposes. Because they have failed to direct the Court's attention to any such evidence in the record, Defendants' motion for summary judgment should be granted with respect to Plaintiffs' claims under the TDCPA."). Without presenting even a mere scintilla of evidence that the Synchrony Bank debt was a consumer debt, judgment as a matter of law on the TDCPA claim is proper.

### III. Conclusion

22.     Plaintiff was required to put on evidence that she was the object of collection activity arising from a consumer debt. This evidence must concern the particular debt that Plaintiff pleaded in her complaint. Plaintiff's complaint concerned a Synchrony Bank debt, but Plaintiff presented no evidence as to this debt, not even a mere scintilla. The evidence that was presented went to the nature of the QVC credit card and the HSN credit card. These were both shown to not be the same as the Synchrony Debt. It was shown conclusively that the QVC card and the HSN card were not the Synchrony Bank debt that Plaintiff complained of in her complaint. Thus, without any evidence

as the consumer nature of the Synchrony Bank debt, Plaintiff has failed to prove an essential element of her claim.

23.     Plaintiff chose to dispute the Synchrony Bank debt in her dispute letter to Defendant forming the basis of this lawsuit. Plaintiff chose to bring this suit regarding the Synchrony account under the FDCPA and TDPCA, which required her to prove the consumer status of that particular debt. Plaintiff chose to make the Synchrony Bank debt the key fact issue in her complaint by pleading the amount of the Synchrony Bank debt and attaching her credit report which detailed only that particular debt. Doc. 1 ¶ 21, Doc. 1-2 at 5. The burden of proof was on Plaintiff to establish this debt was a consumer debt. Her failure to meet this burden is fatal to her claim. Judgment as a matter of law is appropriate in this case.

WHEREFORE, PREMISES CONSIDERED, Defendants Portfolio Recovery Associates, LLC and Western Surety Company respectfully requests that this Court grant Defendants' Renewed Motion for Judgment as Matter of Law.

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
NCX Building, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANTS***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this document has been forwarded **via CM/ECF** on this 25th day of September, 2017 to.

Michael Wood
Community Lawyers Group, Ltd.
University Park
3300 N. Interstate Hwy 35, Suite 7018
P. 512-524-9352 | F. 512-593-5976
mwood@communitylawyersgroup.com

Tyler Hickle
Law Office of Tyler Hickle
4005C Banister Lane, Ste. 120C
Austin, TX 78704
P: 512-289-3831 | F: 512-870-9505
tylerhickle@hicklelegal.com

Celetha Chatman
Community Lawyers Group, Ltd.
73 W Monroe
Chicago, IL 60603
P: 312-757-1880 | F: 312-265-3227
cchatman@communitylawersgroup.com

Robert Zimmer, Jr.
Zimmer & Associates
707 W. 10th St.
Austin, TX 78701
P: 512-434-0306 | F: 310-943-6954
zimmerlawTX@gmail.com

Amy Elizabeth Clark
Amy Clark Law
11801 Domain Blvd.
3rd floor
Austin, TX 78758
P: 512-850-5290 | F: 626-737-6030
amyck1@gmail.com

/s/ Robbie Malone
ROBBIE MALONE

**<u>Defendants' Renewed Motion for Judgment as Matter of Law</u>**          Page **13** of **13**