UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | |
|---|---|
| JEAN JONES, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> PORTFOLIO RECOVERY § <br> ASSOCIATES LLC § <br> PORTFOLIO SERVICES, LLC, and § <br> WESTERN SURETY COMPANY § <br> *Defendants.* § | CASE NUMBER: 1:16-cv-00572-RP |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Now comes Plaintiff, Jean Jones ("Plaintiff" or "Jones"), by and through her attorneys, and for her Response to Defendant's Renewed Motion for Judgment as a Matter of Law states as follows:

**INTRODUCTION**

Plaintiff brought this action against Portfolio Recovery Associates, LLC and Western Surety Company (together "Defendants") under the Federal Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Practices Act ("TDCPA") alleging that they failed to report a debt as disputed and respond to Plaintiff's dispute, as required by the respective statutes. Dkt. #1, Plaintiff's Complaint, ¶ 22. On August 29, 2017, this case went to trial by jury. Defendants moved for a Rule 50(a) directed verdict but was denied. The jury ultimately found in favor of Plaintiff and awarded her $61,000 in statutory damages: $1,000.00 for her FDCPA claim, and $60,000.00 for her TDCPA claim. Dkt. #83, Jury Verdict Form. Defendants now bring a Renewed Motion for Judgment as a Matter of Law ("Motion") alleging that Plaintiff did

1

not prove that the alleged debt at issue was a consumer debt as defined by the FDCPA and the TDCPA.

## LEGAL STANDARD

"A renewed motion for judgment as a matter of law may only be granted if there is no legally sufficient evidence for a reasonable jury to find for the prevailing party. . ." *Ushijima v Samsung Electronics Co., Ltd.*, 2015 WL 11237657 at *1 (W.D. Tex Jul. 30, 2015). The court shall "view the evidence and all reasonable inferences in the light most favorable to the nonmovant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* If there has been no change in law or new evidence that was not previously available, the motion for judgment as a matter of law cannot be granted unless the jury's verdict was so against the weight of the evidence. *Id.*

## ARGUMENT

Defendants make a lengthy, repetitive argument that hinges upon the question of whether or not Plaintiff presented sufficient evidence to prove that the debt at issue in her case was a "consumer debt" under the FDCPA and the TDCPA. The crux of Defendants' argument is that Plaintiff's live testimony, that she did not make any purchases that were not for her person or household, is not enough to satisfy the definition under the statutes. *See generally* Dkt. #89, Defendant's Renewed Motion for Judgment as a Matter of Law ("Motion"). However, Defendants' argument must fail.

**A.     Defendants' Case Law is Inapplicable to the Instant Case.**

To support their argument, Defendants cite to multiple cases in an attempt to bolster their case but, as explained below, these cases do not apply to the instant matter.

First, Defendants cite to *Ritchie v. Cavalry Portfolio Services, LLC*, No. 8:08-cv-01725 (M.D. Fla. 2008), Docket Entry 99. The case went to trial and the court found upon a motion for directed verdict that the plaintiff had not proven that the debt in question was a consumer debt. *Id.* The court explained that the only evidence presented, a screenshot showing that the debt was a Sprint account, was not enough to establish the consumer requirement by a preponderance of the evidence. *Id.* However, the lack of evidence in *Ritchie* is not parallel to the evidence presented in the instant case. The jury heard Plaintiff testify that she never made any credit card purchases for business purposes or bought anything on a credit card other than for personal or household purposes. Dkt. #89-1, Trial Transcript, pp. 112-13. Direct testimony from the complainant during trial is clearly more sufficient than an ambiguous screenshot as was presented in *Ritchie*. It was the role of the jury to weigh Plaintiff's credibility during direct examination and their determination was that she only ever used a credit card for personal or household purposes. This determination was further supported by the lack of evidence to the contrary by Defendants during their case-in-chief. Thus, *Ritchie* is inapplicable and Defendants' argument fails.

Next, Defendants also cite to *Garcia v. LVNV Funding LLC*, 2009 WL 3079962 (W.D. Tex. Sept. 18, 2009). The court in *Garcia* ruled for the defendant on a motion for summary judgment, stating that the plaintiff did not offer evidence that a consumer debt was involved in the collection activity at issue. *Id.* at *5. The court stated that there was nothing in the record that indicated whether or not the debt at issue was consumer in nature. *Id.* at 4. Again, this issue is

3

unlike the issue at hand in the instant case. No evidence of a consumer was presented at all in *Garcia*, whereas here, Plaintiff testified to the nature of her credit card debts. *Garcia* is inapplicable.

*Matin* also fails to apply here because the ruling also occurred at the summary judgment stage and the applicable evidence there was an account statement being sent to the plaintiff's residence. *Matin v. Fulton, Friedman & Gullace LLP*, 826 F.Supp.2d 808, 812 (E.D. Penn. 2011). Additionally, the plaintiff there was unable to recall what purchases she made on her card and what their purposes were. *Id.* Unlike in *Matin*, here the Plaintiff was able to answer all questions on direct testimony regarding the nature of her debt. Additionally, Defendants neither impeached nor offered any contrary evidence that showed that Plaintiff's debt was indeed incurred for business or commercial purposes. *Matin* fails here.

The instant case is also unlike *Jenkins-Babb* in that Plaintiff did not restate "bare conclusory assertions" of the debt being consumer in nature. *Garcia v. Jenkins-Babb LLP*, No. 3:11- CV-3171-N-BH, 2013 U.S. Dist. LEXIS 172457, at *26 (N.D. Tex. 2013). Rather, she also denied any possibility of it being related to business or any other kind of transactional purpose besides personal or household. The jury was entitled to deem Plaintiff's testimony as credible and it was reasonable for the jury to infer from the testimony that the alleged debt was consumer in nature.

Defendants also cite to language in *Browne*, arguing that Plaintiff only made "bare statements" and did not prove that the "particular" debt at issue was consumer in nature. *Browne v. Portfolio Recovery Associates, Inc.*, 2013 WL 871966 at *4 (S.D. Tex. Mar. 7, 2013). However, Defendants reliance upon *Browne* must fail as well. In *Browne*, the court stated that

the plaintiff could not prove his alleged debt was a consumer debt by merely relying on the fact that the defendant debt collector was in the business of purchasing consumer receivables. *Id.* The instant case is not on all fours with *Browne*. Plaintiff did not attempt to prove her consumer debt by merely asserting that Defendants were in the business of purchasing consumer debts. She directly testified that all of her credit card transactions were only for personal and consumer purposes. Defendants misapply *Browne*.

Defendants also cite to language in *Franklin* where the court found against the plaintiff after she did not present any evidence of the nature of the underlying debt in order to prove her FDCPA claim. *Franklin v. Dean*, No. 2:11-CV-683-WKW-SRW (M.D. Ala. 2013), Docket Entry 94. The plaintiff there was *pro se* and testified in narrative form during a bench trial. *Id.*, Docket Entry 108. The plaintiff did not discuss the nature of her debt at all during her testimony. *See* Dkt. #108, Trial Transcript, pp. 108-21. It is clear that the situation in *Franklin* is not like the situation at hand. As stated before, Plaintiff directly testified to the nature of the underlying debt in this case. *Franklin* does not apply.

In *Cushman*, the court found that the plaintiff was not a "consumer" under the Deceptive Trade Practices Act in Texas because at issue was an American Express line of credit extension that was used for "general purposes". *Cushman v. GC Servs., LP*, 657 F. Supp. 2d 834, 844 (S.D. Tex. 2009). The court stated that since she did not seek or acquire "goods or services", she was not entitled to "consumer" status under the applicable statute under Texas law. First, as Defendants point out, this analysis was performed pursuant to Texas' Deceptive Trade Practices statute, rather than the FDCPA or TDCPA. *Id.* Secondly, Plaintiff did not merely testify to her credit card being used for "general purposes". She unambiguously stated that she did not make

5

any purchases other for personal or household use. Dkt. #89-1, pp. 113:2-6. Therefore, *Cushman* does not apply.

In *Hardy*, the court found that the plaintiff's underlying debt was not a "consumer debt" under the FDCPA since the debt stemmed from a lease for equipment to process payment at plaintiff's business. *Hardy v. N. Leasing Sys., Inc.*, 953 F. Supp. 2d 150, 160 (D.D.C.2013). Although the plaintiff stated that the equipment was used for "personal purposes", the court found that she failed to establish that the underlying debt was consumer in nature. *Id.* This is obviously unlike the case at hand. Plaintiff testified that she was not a business owner and never made any business purchases. Dkt. #89, p. 112:13-18. *Hardy* fails to support Defendants' argument as well.

Lastly, Defendants cite to *Riviere v. Banner Chevrolet, Inc.*, 184 F.3d 457 (5th Cir. 1999). However, briefly, this case involves a Truth in Lending Act claim rather than the FDCPA or the TDCPA. There was conflicting evidence in the record as to whether the transaction at issue -- the purchase of a truck -- was consumer or business in nature. Here, there is no conflicting evidence in the record, because Defendants did not introduce any evidence at all to contravene Plaintiff's testimony that she had never used credit cards for business purposes. Therefore, *Riviere* is also inapplicable to the instant case.

**B.     Plaintiff's Testimony Was Sufficient to Prove That the Underlying Debt Was Consumer in Nature.**

On direct examination, Plaintiff offered the following testimony in regard to the nature of her underlying debt:

>    Q:     . . . Ms. Jones, have you ever had any business?
>    A:     No.

> Q: Have you ever had a job where you sometimes bought things for the business and then were paid back?
> A: No.
> Q: Have you ever paid like traffic tickets or fines with a credit card?
> A: No.
> Q: Have you ever paid taxes with a credit card?
> A: No.
> Q: At the time of this account being noticed was 2015; is that correct?
> A: Uh-huh.
> Q: Prior to 2015, say, for the last ten years, had you ever made any charges on any card which were related – which were not related to your own person or your own household?
> A: No.

Dkt. #89-1, Trial Transcript, pp. 112-13.

From this excerpt, along with the other testimony given during trial, the jury determined that this was enough evidence to prove that Plaintiff's underlying debt was a consumer debt under the FDCPA and TDCPA. Plaintiff answered specific questions about the kinds of purchases she made on any credit card she has owned for the past ten years. She did not testify to not remembering or being unsure about her transactional history. The evidence presented was sufficient to prove that this was a consumer debt. Defendants seem to imply that since she did not specifically recite each purchase she made on a credit card that her testimony is insufficient. This argument fails. This is especially true being that Defendants did not offer any evidence to contradict Plaintiff's testimony. *See generally* Dkt. #89-1, pp. 140-64. The jury was at liberty to weigh both Plaintiff's credibility and the evidence presented. *Ushijima*, 2015 WL 11237657 at *1. It cannot be said that the conclusion that the jury drew based on this testimony was against the "great weight" of the evidence. *Id.* Thus, the jury's verdict must stand.

## **CONCLUSION**

7

All in all, the jury's verdict was not so against the manifest weight of the evidence presented at trial. The jury made a credibility determination of Plaintiff and determined from her testimony that her alleged debt was a consumer debt under both the FDCPA and the TDCPA. This jury found that Plaintiff incurred a consumer debt based on her testimony that she was not a business owner, had never made any credit card purchases for any business purpose, and never made any purchases that were not for personal and household purposes. This was sufficient evidence to prove a "consumer debt" under the FDCPA and the TDCPA. Defendants have not alleged that new law or new evidence has emerged that was not previously available at the time of trial. *Id.* Therefore, Defendants have not met their burden to entitle them to Judgment as a Matter of Law and their Motion should be denied.

Respectfully submitted,

By:  /s/ *Celetha Chatman*

Robert Zimmer
**Zimmer & Associates**
707 West 10th Street
Austin, TX  78701
Phone: (512) 434-0306
Fax: (310) 943-6954
zimmerlawTX@gmail.com

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
University Park
3300 N. Interstate Hwy 35, Suite 7018
7th Floor
Austin, TX 78722
Phone: (512) 524-9352
Fax: (512) 593-5976
cchatman@communitylawyersgroup.com

mwood@communitylawyersgroup.com

Amy Beth Clark, Esq.
**Amy Clark Law**
<u>11801 Domain Blvd.</u>
3rd Floor
Austin, Texas 78758
Phone / Fax: <u>512-850-5290</u>

ATTORNEYS FOR PLAINTIFF