IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES | § | |
|    *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 1:16-cv-00572-RP |
| | § | |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC and WESTERN | § | |
| SURETY COMPANY | § | |
|    *Defendants.* | | |

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS MATTER OF LAW

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendants Portfolio Recovery Associates, LLC ("PRA") and Western Surety Company ("Western") (together "Defendants") and files this Reply to Plaintiff's Response to Defendants' Renewed Motion for Judgment as Matter of Law, and will show onto this Court as follows:

### I. Introduction

1. Defendants filed their Renewed Motion for Judgment as Matter of Law on September 25, 2017. Doc. 89. Nearly a month later, on October 20, 2017, Plaintiff filed their Response. Doc. 97. Despite having nearly a month to find some case law that supports her position, Plaintiff instead only attempts—and fails—to distinguish the voluminous case law presented by Defendants. At trial, counsel for Defendants noted that "[t]here is no case law that says just a generic, I only do personal stuff, is sufficient" to establish consumer standing. Doc. 89-1 at 180:4-5. Plaintiffs have proven this true by failing to cite any case law that states a generic statement to that effect is sufficient to establish the consumer nature of the debt.

2.     Plaintiff has not presented any case that a general statement about what a person intended to use a debt for is sufficient to establish consumer standing under the FDCPA or the TDCPA. As Defendants have repeatedly pointed out, Plaintiff did not offer any evidence about the debt that was subject of her complaint. Plaintiff only talks about the testimony she gave concerning her credit card purchases, despite the fact that there is nothing to show the Synchrony Bank debt was a credit card debt. In fact, Plaintiff testified that she did not know anything about the debt until shortly before trial. *Id.* at 123:13-124:21. The case law cited by Defendant shows that Plaintiff was required to present evidence as to the specific debt that was the subject of her complaint, which Plaintiff did not do. There is not legally sufficient evidence to support the verdict, and this Court must enter judgment as a matter of law in Defendants' favor.

## II. Arguments

### A. Plaintiff cannot show there is any evidence as to the debt in question

3.     There was no evidence presented at trial regarding the nature of the debt that was the subject of Plaintiff's complaint. Plaintiff's complaint concerned an alleged debt for $8,642 from the original creditor of Synchrony Bank. Doc. 1 ¶ 21, Doc. 1-2 at 5. At trial, Plaintiff did not offer any evidence of this debt. Plaintiff never even mentioned Synchrony. Plaintiff asserts that Defendants did not offer any evidence to dispute Plaintiff's testimony concerning the nature of the debt. Doc. 97 at 7. However, Defendants have shown multiple times that the debts Plaintiff testified about was not the debt that was the subject of Plaintiff's complaint. Doc. 89 at 2; Doc. 89-1 at 150:24-151:19. The flaws in Plaintiff's arguments is shown by the evidence Plaintiff attempts to rely on. Plaintiff states that "Plaintiff answered specific questions about the kinds of purchases she made on any credit card she has owned for the past ten years." Doc. 97 at 7. However, at no point during trial did Plaintiff ever testify the debt in question was a credit card debt. It was never

established at trial that the Synchrony Bank debt was a credit card debt, so statements concerning her credit card usage cannot support a finding of consumer status.

4.      Plaintiff was required to present "evidence that this *particular* alleged debt meets the statutory definition" of consumer debt under the FDCPA. *Browne v. Portfolio Recovery Ass.*, Civ. No. H-11-02869, 2013 U.S. Dist. LEXIS 31257, at *12 (N.D. Tex. Mar. 7, 2013) (emphasis added). In determining whether a debt is a consumer debt, the "substance of the transaction" that created the debt must be examined. *Riviere v. Banner Chevrolet*, 184 F.3d 457, 462 (5th Cir. 1999). The nature of the debt is determined by the use of the money, not the motive or intent. *See Garcia v. LVNV Funding LLC*, Case No. A-08-CA-514-LY, 2009 U.S. Dist. LEXIS 85967, at *12 (W.D. Tex. Sept. 18, 2009). Plaintiff presented no evidence concerning the particular debt—the Synchrony Bank debt—that was the subject of her complaint. Plaintiff has only presented general evidence about the intent of the purchases on her credit cards. Doc. 97 at 7. This is insufficient to prove the consumer nature of the debt. *Riviere*, 184 F.3d at 462. Even then, Plaintiff never proved that the Synchrony Bank debt was a credit card debt, and thus her general statements concerning her credit card use are insufficient to prove the consumers status of the debt.

### B. Plaintiff's attempts to distinguish the case law cited by Defendants fail

5.      Plaintiff claims that "the lack of evidence in *Ritchie* is not parallel to the evidence presented in the instant case." Doc. 97 at 3; *see Ritchie v. Cavalry Portfolio Services, LLC,* No. 8:08-cv-01725 (M.D. Fla. 2008), Docket Entry #99. In *Ritchie*, the only evidence plaintiff presented was a screenshot of a Sprint account. *Id.* Plaintiff in this case claims to have presented more evidence that this. However, the plaintiff in *Ritchie* actually presented more evidence concerning the debt that was the subject of the lawsuit than Plaintiff did in this case. In this present case, Plaintiff presented no evidence concerning the Synchrony Bank debt in question. Plaintiff's only evidence,

as confirmed by Plaintiff's response, is that she only used her credit cards for consumer purchases. Doc. 97 at 3. As noted, there is absolutely no evidence that the Synchrony Bank debt was a credit card debt. This is not legally sufficient evidence, and just as in *Ritchie*, this Court should enter judgment as a matter of law for Defendants.

6.      Plaintiff's attempt to distinguish *Garcia* fails entirely. *Id.* at 3-4. Plaintiff does not acknowledge the fact that *Garcia* stands for the proposition that "[w]hether a debt is a consumer debt is determined by the use of loan proceeds by the borrower and not by the motive or intent of the lender." *Garcia*, 2009 U.S. Dist. LEXIS 85967, at *12. Plaintiff presented no evidence as to what the Synchrony Bank debt was used for. Plaintiff states that she "testified as to the nature of her credit card debts." Doc. 97 at 4. Yet there is no evidence that the Synchrony Bank debt was a credit card debt. Just like in *Garcia*¸ "the burden is on [Plaintiff] to prove that [s]he has been the object of collection activity arising from *consumer* debt . . . ." *Garcia*, 2009 U.S. Dist. LEXIS 85967, at *14 (emphasis in original). In this case, there is no evidence as to the nature of the debt. There is nothing in the record that links the evidence Plaintiff attempts to rely on to the Synchrony Bank debt that was the subject of her complaint. Plaintiff has "fail[ed] to make a showing sufficient to establish the existence of an element essential to [her] case." *Id*. This Court should entered judgment as a matter of law in Defendants' favor.

7.      Plaintiff attempts to distinguish *Martin* by claiming "Plaintiff was able to answer all questions on direct testimony regarding the nature of her debt." Doc. 97 at 4. Yet there is no testimony at all concerning the Synchrony Bank debt. There is no testimony establishing that the Synchrony Bank debt is a credit card debt. Defendants offered testimony that the debts Plaintiff testified about were not the Synchrony Bank debt that was the subject of her complaint. Doc. 89 at 2; Doc. 89-1 at 150:24-151:19.

8.  Plaintiff's testimony was exactly the type of bare conclusory assertions as in *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2013 U.S. Dist. LEXIS 172457, at *26 (N.D. Tex. 2013). The section of testimony cited by Plaintiff shows that Plaintiff's testimony is nothing more than generic conclusory statements. Doc. 97 at 7. Plaintiff only offered statements about what she did not use her credit cards for. *Id.* Plaintiff never established what the debt was actually used for. *Id.* There are a thousand different things the debt could not have been, but this does not establish what the debt was. Plaintiff never established that the Synchrony Bank debt was a credit card debt, so testimony as to what credit cards were used for is not sufficient to establish consumer standing.

9.  Plaintiff's attempts to distinguish *Browne* fail as well. Doc. 97 at 4-5. Plaintiff continues to rely on what the nature of her "credit card transactions" were, yet never proved that the Synchrony Bank debt was a credit card debt. *Id.* Plaintiff offered no evidence or testimony about the Synchrony Bank debt. Plaintiff was required to show that the particular debt she complained of—the Synchrony Bank debt—was a consumer debt. *Browne*, 2013 U.S. Dist. LEXIS 31257, at *12. Plaintiff offered no evidence or testimony as to that debt, and offered no evidence or testimony that the Synchrony Bank debt was a credit card debt.

10. Plaintiff attempts to distinguish *Franklin* by stating that "[t]he plaintiff did not discuss the nature of her debt at all during her testimony . . . As stated before, Plaintiff directly testified to the nature of the underlying debt in this case." Doc. 97 at 5. This is entirely false. Plaintiff never mentioned the Synchrony Bank debt once during the trial. It is telling that Plaintiff has not cited to or quoted any of her supposed testimony regarding the underlying debt. *See id*. The only testimony Plaintiff quoted or cited was testimony about what the debt supposedly was not. *Id.* at 7. This is because there was no testimony from Plaintiff concerning the Synchrony Bank debt. There was no testimony that the Synchrony Bank debt was a credit card debt. The idea that

"Plaintiff directly testified to the nature of the underlying debt" is easily proven false by the trial transcript. Doc. 89-1. This testimony simply did not happen.

11. The testimony Plaintiff did cite to shows why *Hardy* is applicable in this case. Doc. 97 at 6. In *Hardy*, the court found that a bare assertion that the debt "was for personal use only" was insufficient to establish consumer standing. *Hardy v. N. Leasing Sys.,* 953 F. Supp. 2d 150, 160 (D.D.C. 2013). In this present case, Plaintiff has offered essentially the same unsupported assertion. Plaintiff offered no testimony as to the Synchrony Bank debt and no testimony that the Synchrony Bank debt was a credit card debt. Thus, Plaintiff's statements that she did not use it for "business purchases" could be nothing more than general, unsupported statements. Doc. 97 at 7; *see Hardy*, 953 F. Supp. 2d at 160. Plaintiff saying that she "she was not a business owner and never made any business purchase" does not establish consumer standing, as she offered no testimony as to what the debt was. Her statement is no more effective then saying that the debt "was for personal use only." *see Hardy*, 953 F. Supp. 2d at 160. If an unsupported assertion such as this is not sufficient to survive a motion to dismiss, then it cannot be sufficient to prevail at trial.

12. Plaintiff's attempts to distinguish the case law cited by Defendants has only made Plaintiff's arguments weaker. Plaintiff repeatedly makes the assertion that "Defendants did not introduce any evidence at all to contravene Plaintiff's testimony that she had never used credit cards for business purposes." First, it is Plaintiff's burden to show that it is a consumer debt, not Defendants' burden to show that it is not a consumer debt. Second, there was no evidence or testimony presented at trial that showed the Synchrony Bank debt was a credit card debt. Evidence as to what Plaintiff did or did not use her credit cards for is immaterial because Plaintiff never proved that the Synchrony Bank debt was a credit card debt. Third, Defendants offered testimony

that the showed that the debts Plaintiff testified about were not the debt that was the basis for her lawsuit. Doc. 89-1 at 150:24-151:19. The testimony at trial does not support Plaintiff's argument.

13.     It is most telling that Plaintiff did not cite any cases that state that a general statement about a person's spending habits is sufficient to prove consumer standing under the FDCPA or the TDCPA. This is because this case law does not exist. Plaintiff cannot cite to any testimony concerning the Synchrony Bank debt because it does not exist either. The complete lack of evidence or testimony concerning the Synchrony Bank debt shows that there is not legally sufficient evidence to sustain the verdict against Defendants. Plaintiff "failed to make a showing on an essential element of [her] case with respect to which he had the burden of proof." *Bryan v. James E. Holmes Regional Medical Ctr.*, 33 F.3d 1318, 1333 (11th Cir. 1994) (internal quotations omitted). Thus, it is necessary that this Court enter judgment as a matter of law in Defendants' favor. *Hampton v. Dillard Dep't Stores, Inc*., 247 F.3d 1091, 1099 (5th Cir. 2001).

### III. Conclusion

14.     There is absolutely no evidence to support the verdict against Defendants. There is no evidence about the Synchrony Bank debt. There is no evidence that the Synchrony Bank debt is a credit card debt. Thus, any statements concerning what Plaintiff used her credit cards for is immaterial to this case. Plaintiff had the burden to prove that the debt she complained of was a consumer debt under the FDCPA and TDCPA. Plaintiff has failed to establish this essential element of her claim. This Court should enter judgment in Defendants' favor as a matter of law, as there is not legally sufficient evidence to support the verdict.

WHEREFORE, PREMISES CONSIDERED, Defendants Portfolio Recovery Associates, LLC and Western Surety Company respectfully request that this Court grant Defendants Renewed Motion for Judgment as Matter of Law.

Respectfully submitted,

**MALONE AKERLY MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
**MALONE AKERLY MARTIN PLLC**
NCX Building, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

*COUNSEL FOR DEFENDANTS*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been forwarded **via CM/ECF** on this 27th day of October, 2017, to:

Michael Wood
Community Lawyers Group, Ltd.
University Park
3300 N. Interstate Hwy 35, Suite 7018
P. 512-524-9352 | F. 512-593-5976
mwood@communitylawyersgroup.com

Celetha Chatman
Community Lawyers Group, Ltd.
73 W Monroe
Chicago, IL 60603
P: 312-757-1880 | F: 312-265-3227
cchatman@communitylawersgroup.com

Robert Zimmer, Jr.
Zimmer & Associates
707 W. 10th St.
Austin, TX 78701
P: 512-434-0306 | F: 310-943-6954
zimmerlawTX@gmail.com

Amy Elizabeth Clark
Amy Clark Law
11801 Domain Blvd.
3rd floor
Austin, TX 78758
(512) 850-5290
Fax: (626) 737-6030
amyck1@gmail.com

*Attorneys for Plaintiff*

*/s/* Robbie Malone
ROBBIE MALONE