UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES, | § § | |
| *Plainitff* | § § | CASE NUMBER: 1:16-cv-00572-RP |
| v. | § § | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, and WESTERN SURETY CO., | § § § | Honorable Robert Pittman |
| *Defendants*. | § § § | |

**PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Jean Jones filed the Complaint in this matter alleging that Defendant, Portfolio Recovery Associates, violated the Fair Debt Collection Practices Act. (the "FDCPA") and the Texas Fair Debt Collection Practices Act (the "TDCA"). The jury awarded Plaintiff a total of sixty-one thousand dollars in statutory damages. (Dkt. #83). Plaintiff received $1,000 in damages under the FDCPA, and $60,000 in damages under the TDCA. Plaintiff now moves for $106,101.50 in attorneys' fees and $1,476.49 of costs pursuant to Section 1692k of the FDCPA and Section 392.403 of the TDCA. Time and expense records for this total are attached hereto as Exhibit A.

I.  **Plaintiff is Entitled to an Award of Costs and Reasonable Attorneys' Fees Under the FDCPA and the TCPA**

A plaintiff who prevails under the FDCPA is entitled to an award of costs and reasonable attorneys' fees." 15 U.S.C. § 1692k; *Serna v. Law Office of Joseph Onwuteaka, PC*, 2014 WL 3749652, *3 (S.D. Tex. July 29, 2014). Congress has made an award of reasonable attorney's fees mandatory. 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman*, 46 F.3d 645, 651-52 (7th Cir. 1995) *cert denied*, 515 U.S. 1160 (1995). "The TDCA is an analogue of the FDCPA, providing a state law cause of action for wrongful, abusive, or otherwise unfair debt collection practices." *Kirkpatrick v. Dover & Fox, P.C.*, 2013 U.S. Dist. LEXIS 150988, at *20 (S.D. Tex. Oct. 21, 2013). Like Section 1692k of the FDCPA, Section 392.403 of the TDCA entitles a successful plaintiff to reasonable attorneys' fees and costs. Plaintiff here achieved great success in her action against Defendants. She obtained a favorable jury verdict and damages of $61,000. (Dkt. #83). This award consisted of $1,000 under the FDCPA—the maximum amount of statutory damages available under the statute—plus $60,000 in damages under the TDCA.

II. **The Requested Attorneys' Fees Are Reasonable**

An award of reasonable attorneys' fees is calculated using the lodestar method: multiplying the number of hours reasonably expended by the attorney's reasonable hourly rate. *Hensley v.*

1

*Eckerhart*, 461 U.S. 424, 433-37 (1983); *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). The reviewing court then "adjusts the lodestar upward or downward depending on the respective weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.1974)." *Longden v. Sunderman*, 979 F.2d 1095, 1099 (5th Cir. 1992). This results in a three-step process: (1) ascertain the nature and extent of services provided by the attorneys (i.e., reasonableness of the time expended and hours billed); (2) value the services according the customary fee and quality of the legal work (i.e., reasonableness of the hourly rate); and (3) adjust the compensation based on relevant *Johnson* factors. *See Copper Liquor, Inc. v. Adolph Coors*, 684 F.2d 1087, 1092 (5th Cir. 1982).

The amount of attorneys' fees requested need not be proportionate to the settlement or judgment amount, as that would defeat the public benefit advanced by the litigation. *Johnson v. Eaton*, 958 F. Supp. 261, 264 (M.D. La. Feb. 12, 1997). Even small cases merit large fee awards because Congress adopted the fee-shifting model to enhance enforcement of important rights such as consumer protection. *See Student Pub. Interest Research Grp. of New Jersey, Inc. v. AT&T Bell Laboratories*, 842 F.2d 1436, 1449 (3d Cir. 1988).

    **A.**    **Plaintiff's Attorneys Billed a Reasonable Number of Hours on this Case**

The hours billed by Plaintiff's attorneys in this case was reasonable. First, Plaintiff's attorneys exercised billing judgment by writing off or otherwise excluding 32 hours of time spent on the case because such time was excessive, redundant, or unnecessary, or was otherwise clerical or purely administrative in nature. *See* Exs. B-F. Moreover, all time billed for conferring among the lawyers was spent purely on tactics and strategy—not on administrative items or other, non-billable matters. *See id.* Plaintiff's attorneys have thus exercised billing judgment by making "a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise

unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

Second, Plaintiff's attorneys divided the labor for this case to ensure efficient billing and to avoid wasted time. "Given the complexity of modern litigation, the deployment of multiple attorneys is sometimes an eminently reasonable tactic," and "[e]ffective preparation and presentation of a case often involve the kind of collaboration that only occurs when several attorneys are working on a single issue." *Gay Officers Action League v. Puerto Rico*, 247 F.3d 288, 297 (1st Cir. 2001) (citation omitted). Courts have recognized that dividing labor in a case among specialized counsel does not result in "overstaffing" when the plaintiff explains "the need for teamwork in this litigation and how responsibility for various tasks was divided among the attorneys and support personnel." *Cohen v. Brown Univ.*, 2001 U.S. Dist. LEXIS 22438, at *70 (D.R.I. Oct. 18, 2001); *see also Gay Officers*, 247 F.3d at 297 ("[T]he attorneys' proffer to the district court persuasively described their division of responsibility and their need for teamwork."). Plaintiff's representation consisted of five attorneys divided into three teams: litigation and case management, trial, and appeal. This division of labor allowed the attorneys to draw on their respective strengths and experience to eliminate duplicative work, avoid "learning on the job," and to provide Plaintiff with high-quality representation at each stage of the case.

Wood and Chatman were the litigators, handling the case from inception and managing the pleadings and discovery. Wood and Chatman have extensive experience with filing and managing these types of cases, allowing them to streamline the process and keep fees and costs down. Zimmer and Clark were trial counsel. Zimmer entered the case after discovery to assist Wood and Chatman with summary judgment. This prepared him well for the trial and allowed him to bring his hometown experience to bear in the briefing—a key addition, given that Wood and Chatman primarily practice in Illinois. Clark came on solely for the trial and pre-trial motions in limine.

3

Zimmer and Clark were able to use their extensive trial experience in state and federal court to quickly and efficiently prepare for trial. Their total combined hours were only 53.9 for an entire federal trial, pre-trial motions, post-trial motions, Zimmer's work on the summary judgment briefings, and providing comments for the strategy on appeal. Brown was Plaintiff's appellate counsel and handled only the appeal and assisting with this fee application. As set forth below and in his declaration, Brown has substantial appellate experience, including in the Fifth Circuit, and has spent years handling high-stakes federal litigation and appeals of various kinds. His skills and experience ensured that the appellate work was handled efficiently.

Plaintiff has also submitted supporting declarations from other attorneys attesting to the reasonableness of the hours billed. Two of these attorneys are local consumer plaintiffs' attorneys that practice in the Western District of Texas, both of whom agree that the hours billed to the cases were "necessary" to Plaintiff's representation in this case. (Ex. G, Decl. of Paula Pierce; Ex. H, Decl. of Ben Bingham). The third is from a 20-year veteran of consumer litigation with substantial appellate experience, who stated that the appellate-related hours were "reasonable" to obtain the result achieve. (Ex. I, Decl. of Stacy M. Bardo).

**B.      Plaintiff's Attorneys' Hourly Rates Are Reasonable**

The proper hourly rate is determined based on the market rate for the services of plaintiff's counsel. *See, e.g., Missouri v. Jenkins*, 491 U.S. 274, 283 (1989). To determine reasonable rates, the court will consider an attorney's regular hourly rate as well as prevailing rates in the community. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995). Courts have stated that "the best evidence of the market value of legal services is what people pay for it." *Balcor Real Estate Holdings, Inc. v. Walentas-Phoenix Corp.*, 73 F.3d 150, 153 (7th Cir. 1996) (emphasis in original); *Lemensdorf v. Welin*, 2011 WL 6151431, *3 (M.D. Ga. Dec. 12, 2011). If an attorney ordinarily works on a contingent-fee basis, a court "should look to the next best evidence -- the

4

rate charged by lawyers in the community of 'reasonably comparable skill, experience, and reputation.'" *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The "next best evidence" also includes fee awards the attorney has received in similar cases. *Cope v. Duggins*, 203 F. Supp. 2d 650, 655-56 (E.D. La., Apr. 17, 2002) (citing *Blum*, 465 U.S. at 89 n.11; *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

> **1.  Plaintiff's Attorneys Are Experienced Litigators Whose Hourly Rates Are Supported by Prior Fee Awards and Paying Clients**

Wood's current actual hourly rate is $372.00. (Ex. B, Decl. of Michael Wood). Wood has charged and been paid his present hourly rate for comparable work, including collection defense litigation. His rate reflects his experience as plaintiff's counsel in over 800 FDCPA cases, including 15 in this District. He has also been counsel to more than 250 debt defense cases. Wood's current rate and prior hourly rates have been approved in the following cases: *Lloyd v. Credit Systems International Inc.*, Case No. 19-cv-01309 (N.D. Ill.) (approving $372/hr rate in 2019); *Moore v. Summit Receivables, LLC et al*, 19-cv-01309 (N.D. Ill.) (approving $372/hr rate in 2019); *Lambert v. Southwest Credit Systems, Inc.*, 17-cv-05228 (N.D. Ill.) (approving fee petition with rate of $372/hr. in 2019);[1] *Chatman v. Stellar Recovery, Inc..*, 16-cv-00833 (N.D. Ill.) (approving prior $352/hr rate in 2017); *Foust v. Midland Funding LLC, et al,* Case No. 18-cv-02155 (N.D. Ill.) (approving prior $352/hr rate in 2019); and *Rhone v. MBB*, Case No. 16-cv-05215 (N.D. Ill.) (2019) (rev'd on other grounds) (approving prior $352/hr rate in 2018). Notably, Wood's rate was approved over the defendants' objections in *Lloyd, Foust*, and *Rhone*. *Foust* and *Lloyd* even involved the same types of claims against the same primary defendant, Portfolio Recovery Associates, LLC. This is particularly notable because a contested fee petition requires closer

---

[1] The court in *Lambert* did not provide a written opinion. The fee award included some deductions, but made no mention of a reduction to the attorneys' hourly rates.

5

scrutiny of the requested rate. *See Farooq v. Portfolio Recovery, LLC*, 2016 U.S. Dist. LEXIS 66180, at *7 (N.D. Ill. May 19, 2016).

Chatman's current actual hourly rate is for consumer litigation is $335.00. (Ex. C, Decl. of Celetha Chatman). Her rate reflects her experience as plaintiff's counsel in over 600 FDCPA cases, including being appointed as class counsel in 11 class actions, as well as her bankruptcy and consumer debt collection defense experience. Her current and prior hourly rates have been approved in the following cases: *Lloyd v. Credit Systems International Inc.*, Case No. 19-cv-01309 (N.D. Ill.) (approving $335/hr rate in 2019); *Lambert v. Southwest Credit Systems, Inc.*, 17-cv-05228 (N.D. Ill.) (approving fee petition with rate of $335/hr. in 2019);1 *Chatman v. Stellar Recovery, Inc.*, 16-cv-00833 (N.D. Ill.) (approving prior $315/hr rate in 2017); *Rhone v. MBB*, Case No. 16-cv-05215 (N.D. Ill.) (2019) (rev'd on other grounds) (approving prior $315/hr rate in 2018); and *Holloway v. Portfolio Recovery Associates LLC.*, 15-cv-11568 (N.D. Ill.) (approving prior $295/hr rate in 2016). Chatman also had her fee approved over the defendants' objections in *Lloyd, Foust*, and *Rhone*.

Zimmer's current actual hourly rate for federal litigation is $325.00. (Ex. D, Decl. of Robert Zimmer). Zimmer is an experienced trial attorney specializing in the FDPCA and other consumer cases. He has litigated over 50 FDCPA and other consumer protection matters in Texas state courts, and he has also defended dozens of consumers who have been sued by creditors and/or debt collectors in Texas state courts. He was invited to speak about FDCPA trial strategy at the 2018 National Consumer Law Conference in Chicago, along with co-counsel Amy Clark.

Clark's current actual hourly rate for federal litigation is $400.00. (Ex. E, Decl. of Amy Clark). Clark has substantial experience in consumer related matters and is regularly asked to speak publicly about her work. She has provided evidence and commentary to the Texas Legislature on consumer issues involving debt collection and payday and title loans. Clark also

6

has substantial trial experience, and she has represented dozens of clients in jury and bench trials in Texas and Southern California. Her prior hourly rate of $330 was approved in 2013 by the court in *Martignetti v. Bachman*, Case No. 10-cv-00548 (C.D. Cal.)

Brown has a current actual hourly rate of $425.00. (Ex. F, Decl. of Daniel Brown). Brown graduated *cum laude* from Harvard Law School in 2009. He began his career at Kirkland & Ellis, LLP, representing debtors in large chapter 11 reorganizations. In March 2012 he started his own firm, representing distressed debt investors in banking and financial litigation in federal courts and appellate courts around the country. He also served as the trustee of a litigation trust established in *In re Imperial Capital Bancorp, Inc.* Case No. 09-bk-19431 (Bankr. S.D. Cal.). He later sold his firm to his former employees and started a new firm focused on consumer protection litigation—using his experience in federal litigation and appeals to provide high-quality representation to consumers facing fraud or abuse by the financial industry. Brown has substantial experience in federal litigation, appellate litigation, FDCPA litigation, mortgage fraud litigation, and other consumer fraud litigation involving the banking and financial sector. In his work on bankruptcy litigation and reorganizations, Brown's rates had to be approved by the reviewing court *and* paid by clients. Courts approved and clients paid his prior rates in the following cases: *In re Imperial Capital Bancorp, Inc.*, 09-bk-19431 (Bankr. S.D. Cal.) (approving prior $400/hr rate in 2012); *In re FirstFed Financial Corp.*, 2:10-bk-12927 (Bankr. C.D. Cal.) (approving prior $400/hr rate in 2014); and *In re AmericanWest Bancorporation*, 10-nk-06097 (Bankr. E.D. Wash.) (approving prior $450/hr rate in 2013). Brown's current hourly rate of $425 for FDPCA litigation was approved in *Bishop-Lillegard v. Unifund CCR, LLC, et al.*, Case No. 16-cv-8075 (N.D. Ill.).

While some hours in this matter were originally billed at the attorneys' prior approved rates, those rates have risen concomitantly with the passage of time to reflect the attorneys' increased experience as well as to adjust for inflation. Plaintiff's attorneys are nevertheless entitled

7

to recover all of their hours at their present hourly rates. As the Supreme Court explained in *Missouri v. Jenkins*, 491 U.S. 274 (1989), contingent-fee lawyers "are not paid until a favorable decision finally eventuates, which may be years later…. Meanwhile, their expenses of doing business continue and must be met . . . . [T]he courts have regularly recognized the delay factor, either by basing the award on current rates or by adjusting the fee based on historical rates to reflect its present value." *Id.* at 282 (citations omitted). Plaintiff therefore requests that all fees be awarded at present hourly rates, as set forth above.

## 2. The Hourly Rates Are in Line with Prevailing Market Rates Based on Relevant Survey Data and Testimony from Other Attorneys

All of Plaintiff's attorneys' rates are in line with prevailing market rates for attorneys with similar skills and experience. According to the U.S. Consumer Law Attorney Fee Survey Report 2015-2016, a portion of which is attached hereto as Exhibit J, the median rates for attorneys practicing consumer law in Austin, Texas were as follows: $350/hr for 3-5 years of experience; $375/hr for 6-10 years; and $510/hr for 11-15 years. *See* Ex. J (Burdge, United States Consumer Law Attorney Fee Survey Report 2015-2016, *available at* https://www.nclc.org/images/pdf/litigation/tools/atty-fee-survey-2015-2016.pdf (last accessed April 1, 2020)). The requested rates and the survey data comparisons are as follows:

| Attorney | Years of Exp. | Avg Rate (per Austin, TX survey data) | Requested Rate |
|---|---|---|---|
| Michael Wood | 6 | $375 | $372 |
| Celetha Chatman | 5 | $350 | $335 |
| Robert Zimmer | 5 | $350 | $325 |
| Amy Clark | 18 | $550 | $400 |
| Daniel Brown | 11 | $510 | $425 |

In addition, the reasonableness of the requested rates is supported by expert testimony from attorneys in the local community and experienced consumer attorneys. *See* Ex. G, at ¶¶3-7; Ex. H. at ¶¶3-8; Ex. I, at ¶¶10-14.

8

The consumer law survey data and supporting declarations are a more reliable evidence of the reasonableness of the requested rates than comparable rates charged by non-consumer attorneys. The reasonableness of the hourly rate is based on "any appropriate hourly rate in the community for the work at issue." *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012) (citations omitted, emphasis added). The "community for the work at issue" here consists of consumer plaintiff's attorneys. Consumer plaintiffs' attorneys take on substantial risk of non-payment for their work, a contingent risk not shared by defense counsel, divorce lawyers, are other attorneys charging hourly rates that are paid periodically regardless of the result. It is thus improper to compare Plaintiffs' attorneys' hourly rates to other Austin, Texas attorneys that practice non-consumer law or who primarily act as defense counsel.

### C. The *Johnson* Factors Support the Requested Fee Award

Having arrived at the lodestar calculation, the Court then considers the twelve *Johnson* to determine whether the lodestar should be adjusted upwards or downwards. Those factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill to perform the legal service properly; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is contingent; (7) any time limitations; (8) the amount involved and the degree of success obtained; (9) the qualifications of plaintiff's attorney; (10) the undesirability of the case; (11) the professional relationship with the client; and (12) fee awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

The "degree of success obtained" is the most important consideration. *Hensley*, 461 U.S. at 436; *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003) (citing *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998)). "Success is not measured only by the amount of recovery but also in terms of the significance of the legal issue on which the plaintiff prevailed

and the public purpose the litigation served." *Morales v. City of San Rafael*, 96 F.3d 359, 365, *as amended on denial of rehearing and rehearing en banc*, 108 F.3d 981 (9th Cir. 1997).

Here, Plaintiff's attorneys achieved remarkable success. In the face of strenuous opposition—with opposing counsel threatening sanctions and claiming the case was both fabricated and entirely frivolous—they obtained a verdict of $61,000 in only statutory damages. This high-dollar verdict indicates that Plaintiff's attorneys proved not only that Defendants had violated the law, but that such violations merited substantial punishment. Then, when the verdict was overturned, they prevailed on appeal to the Fifth Circuit.

Plaintiff's success also vindicated an important consumer right that the debt collection industry violates routinely and en masse. Congress specifically prohibited "the failure [of a debt collector] to communicate that a disputed debt is disputed [to a credit reporting agency]." 15 U.S.C. § 1692e(8). The Fifth Circuit has said such misconduct creates "a real risk of financial harm caused by an inaccurate credit rating." *Sayles v. Advanced Recovery Sys., Inc.*, 865 F.3d 246, 250 (5th Cir. 2017). Plaintiff's high degree of success thus encompasses both a high-dollar award for a statutory damages case, and the vindication of an important consumer right that is often overlooked or ignored by the debt collection industry. This *Johnson* factor merits an increase to the lodestar. Plaintiff thus requests that, to the extent the Court reduces the billed hours or hourly rates requested by Plaintiff's attorneys, the Court applies this *Johnson* factor to award Plaintiff's attorneys the full amount of the fees requested.

## CONCLUSION

Plaintiff requests that the court enter judgment for his attorneys' fees and costs as follows:

1. Attorneys' Fees                               $106,101.50
2. Filing Fees and Costs:                        $1,476.49

**TOTAL:**                                       **$107,577.99**

Respectfully submitted,
By: */s/ Robert Zimmer*
One of Plaintiff's Attorneys

| | |
|---|---|
| Celetha Chatman<br>Michael Wood<br>**Community Lawyers, LLC.**<br>20 N. Clark Street, Suite 3100<br>Chicago, IL 60602<br>P: (312)757-1880<br>F: (312)476-1362<br>cchatman@communitylawyersgroup.com<br>mwood@communitylawyersgroup.com | Robert Zimmer<br>**Zimmer & Associates**<br>1108 Lavaca Street, Suite 110-187<br>Austin, TX 78701<br>P/F: 512.434.0306<br>zimmerlawTX@gmail.com<br><br>Amy E. Clark<br>State of Texas Bar Number: 24043761<br>**Amy Clark**<br>Texas RioGrande Legal Aid<br>4920 N. IH-35<br>Austin, TX 78751<br>P: (512) 850-5290<br>F: (626) 737-6030<br>amy@amyclarklaw.com |

## CERTIFICATE OF SERVICE

I, Robert Zimmer, an attorney, hereby certify that on April 7, 2020, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Robert Zimmer*
Robert Zimmer