# EXHIBIT B

UNITED STATES DISTRICT COURT
Western District of Texas
Austin Division

| | | |
|---|---|---|
| JEAN JONES, | § | |
| *Plaintiff* | § | |
| | § | CASE NUMBER: 1:16-cv-00572-RP |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES LLC | § | |
| PORTFOLIO SERVICES, LLC, and | § | |
| WESTERN SURETY COMPANY | § | |
| *Defendants.* | § | |

## DECLARATION OF MICHAEL JACOB WOOD

I, Michael Jacob Wood, Esq., being first duly sworn on oath, deposes and states as follows:

1. That I am the attorney for the Plaintiff above named.

2. I have read the Complaint filed in this action and know the contents thereof, and that the same is true of my knowledge.

3. That I am admitted to practice within the State Courts of Illinois as of May 1, 2014.

4. That I am a member of the Trial Bar of the United States District Court for the Northern District of Illinois since 2014.

5. That I am a member of the Bar of the United States District Court for the Western District of Texas.

6. That I have substantial experience in FDCPA litigation and collection defense litigation, which are the focus of my practice.

7. That I am a member of the National Association of Consumer Advocates as of November 2011.

-1-

-2-

8. That I am or have been counsel to over 800 FDCPA cases in the Northern District.

9. That I am or have been counsel to more than 500 debt defense cases in the Circuit Court of Cook County.

10. That my current hourly rate is $372.00 for work that I do in federal court, which is justified by my experience, the nature and complexity of the cases, and the relative risk involved in consumer cases, and was approved by Judge Kocoras in *Moore v. Summit Receivables, LLC et al*, 19-cv-01309 (NDIL) and Judge Leinenweber in *Lloyd v. Credit Systems International, Inc.* Case No. 18-cv-04267 (NDIL)(2019).

11. That my prior rate of $352.00 was approved by in *Foust v. Midland Funding LLC, et al,* Case No. 18-cv-02155 (NDIL) and *Rhone v. MBB*, Case No. 16-cv-05215 (NDIL) (2019) (rev'd on other grounds).

12. That I publish and lecture on the Fair Debt Collection Practices Act. (e.g. Dec. Ex. 5, Michael J. Wood, Abstention Doctrine and the Fair Debt Collection Practices Act, 89 Chi.-Kent. L. Rev. 1191 (2014)).

13. That I sit on the Ethics Committee for the National Association of Consumer Advocates since 2017.

14. That the rate that I billed per hour in this case, $372.00, is in the 75th percentile of rates charged by Midwest attorneys consumer law, as reported in the United States Consumer Law Attorney Fee Survey Report 2010-2011 for the Midwest, available online at http://www.nclc.org/images/pdf/litigation/fee-survey-report-2010-2011.pdf (adjusted for inflation).

15. That my rate increase is justified by my substantial experience in litigating more than 800 FDCPA cases, including class actions, and by my leadership position in the Consumer Law community, including my position on the ethics board of the National Association of Consumer Advocates.

16. That Cases using the US Consumer Law Attorney Fee Survey Report when deciding attorney fee disputes in Consumer Law cases include the following: *Decker v. Transworld Systems, Inc.*, 2009 WL 2916819, N.D.Ill.,2009., September 01, 2009 (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be supported by the Laffey Matrix"); *Vahidy v. Transworld Systems, Inc.*, 2009 WL 2916825, N.D.Ill.,2009., September 01, 2009 (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be "supported by the Laffey Matrix").

17. That the following is a sampling of my certified FDCPA class action cases:

> *Wingate v. Resurgence Capital, LLC*, 14-cv-7753 (N.D.IL) (settlement class certified);
>
> *Szczesniak v. National Account Services*, 14-cv-10346 (N.D.IL) (settlement class certified);

18. I wrote off 1.2 hours of time spent on clerical tasks such as filing an appearance, and complying exhibits for the complaint and trial.

19. In addition, I exercised my billing judgment and did not bill for approximate 2 additional hours of time spent on this case because such time was unproductive; redundant (reviewing arguments made in prior briefing); or otherwise non-billable (i.e., emails about dates, deadlines, and scheduling, and time spent drafting administrative portions of the brief, such as the caption or certificates of compliance).

20.     All time billed for conferring with Plaintiff's other attorneys was purely spent discussing legal strategy and tactics. I did not bill for any time conferring about administrative items or non-billable matters or tasks.

21.     That attached time and work records are true and correct copies of my time and billing records in this matter.

Pursuant to 28 U.S.C. § 1746(2), I, <u>Michael Jacob Wood</u>, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 23, 2020                              <u>s/Michael Jacob Wood</u>
                                                    Michael Jacob Wood


Michael J. Wood
Community Lawyers LLC
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: 312.757.1880
fax: 312.476.1383
mwood@communitylawyersgroup.com