# EXHIBIT I

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS,
AUSTIN DIVISION**

| | | |
|---|---|---|
| JEAN JONES, | § | |
| | § | |
| PLAINTIFF | § | CASE NUMBER: 1:16-cv-00572-RP |
| | § | |
| v. | § | |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | Honorable Robert Pittman |
| LLC, and WESTERN SURETY CO., | § | |
| | § | |
| DEFENDANTS. | § | |

**DECLARATION OF STACY M. BARDO**

I, Stacy M. Bardo, hereby submit this declaration in connection with Plaintiff's-Appellant's counsel Daniel Brown's request for an award of attorney's fees.

**Experience and Qualifications**

1. I am the principal of my own firm, Bardo Law, P.C.

2. I am a member in good standing of the following courts:

Supreme Court of Illinois - November 9, 2000

U.S. District Court, Northern District of Illinois - December 21, 2000

U.S. Court of Appeals, Seventh Circuit - December 23, 2003

U.S. District Court, Eastern District of Wisconsin - December 12, 2007

U.S. District Court, Northern District of Indiana - September 18, 2008

U.S. District Court, Western District of Michigan – March 2, 2016

U.S. Court of Appeals, Ninth Circuit – June 19, 2018

U.S. District Court, Western District of Wisconsin – May 30, 2019

3. I have been practicing consumer rights litigation for nearly twenty years. I was employed as an attorney at the Consumer Advocacy Center, P.C. from November of 2000 to September of 2015, at which point I left the firm to establish Bardo Law, P.C.

1

4. I am a May 2000 graduate of Loyola University Chicago School of Law and a June 1997 graduate of Northwestern University.

5. I am a member of the Trial Bar for the U.S. District Court for the Northern District of Illinois. In November of 2015, I was elected to a two-year term as Co-Chair to the Board of Directors for the National Association of Consumer Advocates ("NACA"), an organization of which I have been a member since 2000. I currently serve as Chair of NACA's Ethics Committee. I am also a 19-year member of the Illinois State Bar Association and the Chicago Bar Association. At the Chicago Bar Association, I served for several years as Vice Chair and Legislative Liaison of the Consumer Law Committee. I am the past Vice President and Secretary of the Associate Board for CARPLS, a Chicago-area free legal services hotline, and annually serve on the Steering Committee for the organization's fundraising events. In the fall of 2016, I was selected as a mentor to the Consumer Law working group of the Justice Entrepreneurs Project, sponsored by the Chicago Bar Foundation. I am also a member of NACA's mentor group in which I partner with less experienced consumer law attorneys to provide feedback and practice guidance.

6. I routinely speak on various consumer law topics and have been an invited speaker at CLE events hosted by IICLE, PLI, the Illinois Creditors' Bar Association, NACA, and the National Consumer Law Center. I have presented annually at the National Consumer Law Center's Fair Debt Collection Practices Act ("FDCPA") Conference and have assisted in the training of legal aid attorneys on FDCPA issues over the last several years. A sampling of my presentations include: October 2007, Chicago Bar Association - *New Lawyer Tool Kit - Potential Consumer Law Causes of Action*; May 2008, National Association of Consumer Advocates - *How to Avoid Auto Arbitration*; February 2009 - National Consumer Law Center - *FDCPA Fundamentals*; May 2010 - National Association of Consumer Advocates - *Defending and*

*Attacking Auto Repossessions*; February 2011 - Chicago Bar Association - *Practice Tracks: Consumer Law and Class Action Litigation*; March 2011 - National Consumer Law Center - *Statute of Limitations and Choice of Law Rules*; February 2012 - National Consumer Law Center - *FDCPA Practice & Litigation: Errors to Avoid in an FDCPA Practice*; April 2012 - Illinois Institute for Continuing Legal Education - *First Steps for Clients Facing Default on Consumer Credit Cards*; March 2013 - National Consumer Law Center - *Debt Collectors' Defensive Strategies*; April 2013 - Chicago Bar Association - *Mortgage Foreclosure Law and Practice Update*; November 2013 - Illinois Creditors' Bar Association Seminar - *Collection Law Update*; March 2014 - National Consumer Law Center - *Debt Collectors' Defensive Strategies*; November 2014 - National Consumer Law Center - *How to Successfully Manage a New Consumer Law Practice…and Rookie Mistakes to Watch Out For*; March 2015 - National Consumer Law Center - *Ethics Panel*; October 2015 - Webinar Sponsored by the National Association of Consumer Advocates – *Pursuing Affirmative Consumer Claims in the Mortgage and Residential Landlord/Tenant Area*; March 2016 - National Consumer Law Center – *The Bona Fide Error Defense and Other Updates*; October 2016 – MYRA Talks - *Being Your Own Consumer Advocate: Credit, Collection & Auto Tips*; March 2017 - National Consumer Law Center - *FDCPA Training Seminar*; June 2017 – Mel & Co. - *Fair Credit Reporting & Consumer Law: Achieving Financial Independence For Women*; May 2018 – PLI – 23rd Annual Consumer Financial Services Institute – *What's Trending Now: Cutting Edge Consumer Financial Services Updates*; May 2019 – PLI – 24th Annual Consumer Financial Services Institute – *Consumer Advocates Speak*.

7. Given my FDCPA experience and my involvement with NACA, I have gained extensive knowledge of the market for contingent-based consumer law services nationally.

3

Therefore, I am particularly well-suited to provide this Declaration in support of a request for fees in a successful FDCPA matter.

**Hourly Rate Assessment**

8.  I have been principally involved in dozens of cases brought pursuant to consumer credit and consumer fraud statutes and have had my requested hourly rate approved on numerous occasions.

9.  My current hourly rate is $525.00.  That rate has been set in part based on previous approvals of my rate in consumer litigation matters.  *See*, *e.g.*, *Pietrzak v. Saul Ewing*, No. 18 CV 6314 (N.D. Ill. January 23, 2020) (approving $45,000 fee award in FDCPA class settlement based upon a certification as to my $525.00 hourly rate); *Brown v. Willis*, Case No. 17 M6 002098 (Circuit Court of Cook County, Municipal Department, January 24, 2018) (approving attorney's fees on judgment affidavit at $500.00 hourly rate); *McCoy v. Core Allowance Group*, No. 16 C 9633 (N.D Ill. January 23, 2017) (approving attorney's fees on motion for default and judgment at specified hourly rate of $500.00); *Funderburk v. Wirbicki, et al.*, No. 13 CV 4848 (N.D. Ill. February 17, 2016) (approving award of $70,000 fee in FDCPA class settlement at $500.00 hourly rate); *Jonsson v. USCB, Inc.*, 2015 U.S. Dist. LEXIS 69934 (C.D. Cal. May 28, 2015) (approving award in class settlement at $500.00 hourly rate).

10.  I considered numerous factors in setting my rate and in attesting to the rates of other consumer attorneys including:

   a)  Appropriate adjustments made to previously approved rates based on increased experience, reputation in the consumer law field, and inflation and rising costs per the Consumer Price Index;

b) A consideration of a reasonable figure clients will agree to in their retainer agreements and are willing to pay for certain legal work; and

c) The rates approved by courts for local consumer attorneys. *See, e.g.*, *Stockman v. Global Credit & Collection Corp.*, 2015 U.S. Dist. LEXIS 111113 (N.D. Ill. Aug. 21, 2015) ($300.00 hourly rate approved in an FDCPA case for attorneys with only a combined 4 years of experience); *Arch v. Glendale Nissan*, 2005 U.S. Dist. LEXIS 12198 (N.D. Ill. June 7, 2005) ($300.00 hourly rate approved 12 years ago in an autofraud case for attorney based on Laffey Matrix); *Reid v. Unilever United States, Inc.*, 2015 U.S. Dist. LEXIS 75383 (N.D. Ill. June 10, 2015) ($558.00 hourly rate approved for lawyer with more than 10 years of experience in consumer protection and class action litigation in a consumer fraud, Magnuson-Moss warranty class case); *Castro v. Lloyd & McDaniel, PLC*, 2016 U.S. Dist. LEXIS 127658 (S.D. Ind. Sept. 19, 2016) (In approving rate of $575.00 per hour in the Southern District of Indiana for consumer attorney with 25 years of experience, court noted, "Keogh has a national practice, which includes work under the FDCPA, and he stated that his market rate would be around $661.00 per hour. Indeed, Keogh stated that the rate being requested by the Philipps firm should be higher than requested, given the firm's national prominence. *Id*. Similarly, Edelman's consumer law practice is also national in nature, and he stated his market rate was $700.00 per hour." (internal citations omitted)).

11. I have known Daniel Brown for nearly 5 years and have co-counseled and consulted on several cases with him. We have attended consumer litigation conferences together and as such, I am familiar with Mr. Brown's experience and skill, which is considerable.

12. Mr. Brown has handled complex mortgage and debt collection matters and has unique appellate advocacy experience in that regard. Given Mr. Brown's district court and

5

appellate experience, the hourly rate of $425 sought in his fee petition is justified and commensurate with market rates in contingent consumer litigation.

13.     Mr. Brown has ten years of experience as a 2009 graduate.  Back in 2009-2012, when I had similar experience, my rates on cases filed as early as 2007 were approved by courts at a range of $375-$400.  *See, e.g.*, *Ryder v. Equifax*, No. 09 C 7626 (N.D. Ill. June 3, 2011 Order) (final approval of class settlement granted and attorney's fees approved on declaration specifying hourly rate of $375.00); *Poechmann v. Alerus Fin., N.A.*, 2012 U.S. Dist. LEXIS 46387 (D. Minn. Jan. 30, 2012) (rate of $375.00 approved in 2012 in contested fee petition); *Date v. Sony Electronics, Inc.*, No. 07-15474 (E.D. Mich. July 31, 2013 Order) (final approval of class settlement granted and attorney's fees approved on declaration specifying hourly rate of $400.00).

14.     Also, according to the 2015-2016 Consumer Law Attorney Fee Survey Report, the average hourly rate for consumer law attorneys in Illinois generally, with 16-20 years of experience, is $536.00, with 11-15 years experience is $500, with 6-10 years experience is $454, with 3-5 years experience is $308, and with 1-3 years experience is $300. *See* R.L. Burdge, *United States Consumer Law Attorney Fee Survey Report 2015-2016*, pp. 66-69.  The rate billed by Mr. Brown is appropriate.

### Billable Hours Assessment

15.     In connection with my Declaration, I also reviewed Mr. Brown's billing records.  I made the following observations upon review:

a)      There were very few time records associated with "meet and confer" with other Plaintiff's counsel, indicating that Mr. Brown exercised billing judgment as he prepared his bill;

6

    b)  There was not an undue amount of "block billing;" in other words, Mr. Brown appropriately designated chunks of time to specific tasks to allow the Court to conduct an appropriate review;

    c)  Certain work that could be deemed ministerial or designated to a paralegal or clerk was recorded but not billed; and

    d)  The time spent drafting and researching the opening and reply briefs does not appear excessive given the nature of the record and the questions raised on appeal.

16.  In sum, given my experience with appellate litigation – including appeals in the First District Appellate Court (State of Illinois) and the Seventh and Ninth Circuits – the time spent appears to be reasonable to obtain the results achieved.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                    Executed on April 3, 2020

                    By: /s/ *Stacy M. Bardo*

Stacy M. Bardo
Bardo Law, P.C.
22 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 219-6980
stacy@bardolawpc.com