IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEAN JONES, | § | |
|                Plaintiff, | § | |
| v. | § | No. 1:16-CV-00572-RP |
| | § | |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES LLC, AND WESTERN | § | |
| SURETY COMPANY, | § | |
|                Defendants. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. #108), and all related filings.[1] *See* Dkt. #118, #119. After reviewing the pleadings, relevant case law, the entire case file, and having determined that a hearing is not necessary, the undersigned issues the following Order.

**I.   BACKGROUND**

Plaintiff Jean Jones ("Jones") sued Defendants Portfolio Recovery Associates LLC and Western Surety Company ("Defendants") for violating the Fair Debt Collection Practices Act and the Texas Debt Collection Act. Dkt. #1. After the District Judge granted Jones summary judgment in part, the case was tried before a jury. *See* Dkt. #49, #83. The jury returned a unanimous verdict in favor of Jones, awarding her $1,000 for Defendants' violation of the FDCPA and $60,000 for Defendants' violation of the TDCA. Dkt. #83.

---

[1] The Motion was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. #111.

1

Upon reviewing the Defendants' Renewed Motion for Judgment as a Matter of Law, the District Court overturned the jury's verdict and ruled in favor of Defendants. Jones subsequently appealed to the Fifth Circuit. On December 12, 2019, the Fifth Circuit reversed the District Court's decision and reinstated the jury's verdict. *See Jones v. Portfolio Recovery Associates, LLC*, 796 F. App'x 821 (5th Cir. 2019).

Jones now seeks an award of attorneys' fees totaling $106,101.50 and litigation costs totaling $1,476.49 – all together attorneys' fees and costs equaling $107,577.99 – pursuant to 15 U.S.C. § 1692k and TEX. FIN. CODE § 392.403(b). Dkt. #108. Defendants oppose this award of fees, contending the court "should only award $26,041.00" in fees. Dkt. #118. Specifically, Defendants argue Jones's attorneys have failed to demonstrate adequate billing judgment, Jones's billing records show various inefficiencies, Jones's attorneys seek rates higher than the prevailing market dictates, and the *Johnson* factors warrant a downward adjustment in fees. *Id.*

## II.   APPLICABLE LAW

Courts in the Fifth Circuit apply the lodestar method to calculate attorneys' fees. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999)). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate. *Black*, 732 F.3d at 502 (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). The appropriate hourly rate is defined by the market rate in the community in which the district court sits and should reflect the prevailing market rates, not the rates that "lions at the bar may command." *Black*, 732 F.3d at 502 (citing *Smith & Fuller*, 685 F.3d at 490); *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002); *Hopwood v. Texas*, 236 F.3d 256, 281 (5th Cir. 2000). Litigants seeking attorneys' fees have the burden to show the reasonableness of the hours billed

and that the attorneys exercised reasonable billing judgment. *Black*, 732 F.3d at 502 (citing *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996). The lodestar amount is entitled to a strong presumption of reasonableness. *Black*, 732 F.3d at 502 (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

After calculating the lodestar amount, the district court may adjust the amount of attorneys' fees based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Id.* These factors are: (1) the time and labor required; (2) the novelty and difficulty of issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to accepting the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Black*, 732 F.3d at 502 n.7 (citing *Johnson*, 488 F.2d at 717-19). Many of these factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted. *See id.*; *Jason D.W. v. Hous. Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

**III.   ANALYSIS**

The parties do not dispute that Jones is owed some amount of attorneys' fees and costs pursuant to section 1692k(a)(3) of the FDCPA and section 392.403(b) of the TDCA. Besides this, however, little else is agreed upon. Both parties provide an abundance of affidavits and other exhibits to show that their proposed hourly rates and billed hours are correct and their opponent's proposed rates and hours are wrong. Upon review, the undersigned finds that no single affidavit

provides such compelling analysis as to render it "correct" and the other parties' conflicting affidavits "wrong." *Compare* Dkt. #108-8 (Declaration of Ben Bingham for Jones), *with* Dkt. #118-1 at 75 (Affidavit of Craig A. Noack for Defendants). The affidavits of Wood, Chatman, Zimmer, Clark, and Brown simply state their billing rate, experience, accolades, and billing judgment. The affidavits of each attorney brought in to support the named attorneys' billing rates merely state they are well-versed in this market and this area of the law, have reviewed the relevant evidence, and support their sponsor's views. Accordingly, while each affidavit has been reviewed and considered, no single declaration carries the day.

With this said, the court proceeds to calculate an appropriate attorneys' fee award.

**A.   Hourly Rate**

Attorneys Michael Wood and Celetha Chatman, who worked as Jones's "litigators" and handled the case from inception through discovery, respectively seek hourly rates of $372.00 and $335.00. Dkt. #108 at 6-7. Wood was admitted to the Illinois bar in 2014 and has worked on over 800 FDCPA cases. Dkt. #108-2 at 3. Wood claims his current hourly rate of $372.00 and prior rate of $352.00 have been approved in a number of federal cases. *See, e.g.*, *Moore v. Summit Receivables, LLC*, No, 19-cv-01309 (N.D. Ill. 2019). Notably, however, every case cited by Wood was litigated in the Northern District of Illinois. *See Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (noting that in calculating the prevailing market rate, the relevant legal market is the community where the district court sits). Chatman was admitted to the Illinois bar in 2015, has experience with over 600 FDCPA cases, and similarly has had her current and previous hourly rates approved by a number of federal courts. *See, e.g., Lloyd v. Credit Systems International, Inc. Case*, No. 18-cv-04267 (N.D. Ill. 2019).

4

Attorney Robert Zimmer, who entered the case after discovery to assist with summary judgment, was admitted to practice in the State of Texas on November 6, 2015. Dkt. #108-4. He opened his own Austin, Texas law firm in December 2015, states he has experience litigating over two dozen FDCPA cases in federal court and over fifty in Texas state courts, and has a current hourly rate of $325.00.

Attorney Amy Clark, who entered the case solely as Jones's trial counsel, seeks an hourly rate of $400. She was admitted to the California bar in 2002 and the Texas bar in 2004. Dkt. #108-5. During her 18 years of practice, she has experience representing consumers in FDCPA cases. *Id.*

Attorney Daniel Brown, who joined the case on appeal, seeks an hourly rate of $425. Dkt. #108-6. He was admitted to the Illinois bar in 2009, has been a member of the National Association of Consumer Advocates since 2016, and has substantial experience in federal litigation, appellate litigation, FDCPA litigation, mortgage fraud litigation, and other consumer fraud litigation involving the banking and finance sectors. *Id.*

In addition to the affidavits discussed above, the parties submit various reports meant to support their hourly rate arguments. Jones submits data from the 2015-2016 United States Consumer Law Attorney Fee Survey Report, and Defendants submit data from the 2017-2018 United States Consumer Law Attorney Fees Survey Report. The parties disagree as to which report is more accurate and, therefore, which report the court should rely on.[2] The following table created by Defendants reflects the median hourly rates for practicing consumer law in Austin, Texas, as shown in both reports.

---

[2] Defendants contend the 2017-2018 report should be relied upon because it is the most recent. Dkt. #118 at 6-7. Jones contends the 2015-2016 report is more accurate and thus should be relied upon because the 2017-2018 report also takes into account actual fee decisions made by courts. Dkt. #119 at 4.

| Attorney | Years of Exp. | Avg. Rate (per Austin, TX survey data 2015-2016) | Requested Rate | Avg Rate (per Austin, TX survey data 2017-2018) |
|---|---|---|---|---|
| Michael Wood | 6 | $375 | $372 | $350 |
| Celetha Chatman | 5 | $350 | $335 | $283 |
| Robert Zimmer | 5 | $350 | $325 | $283 |
| Amy Clark | 18 | $550 | $400 | $363 |
| Daniel Brown | 11 | $510 | $425 | $375 |

Dkt. #118; Dkt. #108-10 (2015-2016 U.S. Consumer Law Report); Dkt. #118-1 at 72-73 (2017-2018 U.S. Consumer Law Report). In addition, the undersigned takes notice that the hourly rates depicted in the most recent State Bar of Texas Hourly Rate Report ["Texas Rate Report"] are as follows: $250/hr for 3-6 years of experience; $300/hr for 11-15 years; and $308/hr for 16-20 years.[3] *See Am. Acad. of Implant Dentistry v. Parker*, No. AU-14-CA-00191-SS, 2018 WL 401818, at *3 (W.D. Tex. Jan. 11, 2018) (Sparks, J.) (while recognizing that judges in the Western District of Texas frequently look at the Texas Rate Report in order to establish a reference point, noting the "Report is not dispositive" and its "observations are often based off of less-than-robust self-reporting by the State's lawyers"). Additionally, the Texas Rate Report states that the median hourly rate for an attorney practicing consumer law in 2015 was $243.

After careful review of the evidence, the court finds that the hourly rates posited by Jones do not entirely represent the market rate in Austin for appellate and consumer law. *See Black*, 732 F.3d at 502 (the appropriate hourly rate is the *prevailing* market rate in the community, not the rate "lions at the bar may command"). Given their relatively modest years of legal experience and the various reports, the court finds the appropriate market rate for Chatman, Wood, and Zimmer is $300 per hour. That said, the court finds the hourly rate charged by Clark at $400 per hour is

---

[3] State Bar of Texas Department of Research and Analysis, 2015 Hourly Fact Sheet (2015), https://www.texasbar.com/AM/Template.cfm?Section=Archives&Template=/CM/ContentDisplay.cfm&ContentID=34182

appropriate, representing the market rate in Austin for an attorney with over 18 years of legal experience.

Turing to out-of-town attorney Brown, Defendants contend that Jones has failed meet their burden of showing that Brown should be awarded his "home" rate – here, this appears to be Chicago, Illinois. "Out-of-town counsel may be awarded their "home" rates under limited circumstances." *Ratliff v. Mesilla Valley Transp., Inc.*, No. EP-18-CV-00376-FM, 2019 WL 3936991, at *2 (W.D. Tex. Aug. 20, 2019) (citing *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 382 (5th Cir. 2011)). Here, however, because Jones has failed to respond to Defendants out-of-town argument, *see* Dkt. #119, she has failed to show this is a circumstance in which Brown should be awarded his "home" rate. Accordingly, upon reviewing the evidence, reports, and recognizing that appellate attorneys are reported as making a higher hourly rate than consumer-law attorneys in Austin, the court finds the appropriate market rate for Brown is $400 per hour.

**B.     Time Expended**

Next, the court carefully reviews the time records to determine whether the hours expended in this case were reasonable. Jones seeks to recover the following billable hours: 118.80 for Wood and Chatman,[4] 32.10 for Zimmer, 21.80 for Clark, and 107.20 for Brown.

*1.     Interoffice Communications/Conferences*

Defendants have identified 19.6 hours billed by Jones's attorneys for "interoffice communications." Dkt. #118-1 at 10. Defendants argue they should not have to pay attorneys' fees on these billed hours because (1) none of the billing entries for conferences indicate that they were necessary or reasonable, (2) most of the conferences were short, thereby rebutting their necessity,

---

[4] Despite providing a time sheet with each individual time entry, Jones does not distinguish the hourly totals of Wood and Chatman. *See* Dkt. #108-1 at 2-7.

(3) many of these conferences were double billed, and (4) there are billing discrepancies where attorneys billed varying hours for the same conference. Dkt. #118 at 3-4.

Fees for interoffice communications are allowed provided that there are "not an inordinate number of interoffice conferences, and so long as multiple attorneys do not bill for the same conference." *In re Lopez*, 576 B.R. 84, 103 (Bankr. S.D. Tex. 2017)*; In re Rodriguez*, 517 B.R. 724, 736 (Bankr. S.D. Tex. 2014). Lawyers need not provide a detailed explanation of the necessity of the conference or each lawyer's role so long as it is clear from the evidence that such a conference was reasonable and necessary for the case. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995).

Here, based on the nature and length of this case, as well as the description in the billing statements concerning the topic of each conference, *see* Dkt. #118-1 at 10-11, the court finds the conferences were reasonable and necessary. Additionally, the court recognizes that participants who attend the same interoffice conference may bill different amounts depending on what percentage of the conference they attended. That said, the evidence reflects that multiple attorneys billed about half of the listed interoffice conferences. *See id.* Accordingly, because the vast majority of the interoffice conferences double-billed involved Wood and Chatman, the court will reduce their total hours billed by 8.5 hours.

    2.  *Paralegal and Clerical Work*

Defendants also argue that Jones seeks to impermissibly recover attorneys' fees for 8.1 hours of paralegal work and 4.9 hours of clerical work. First, as it relates to alleged paralegal work, Defendants argue the court should prevent Jones from recovering Chatman's billed time for drafting discovery responses and Wood's billed time for reviewing and finalizing the discovery responses. While an attorney may not bill their attorney rate for paralegal work, *see Missouri v.*

8

*Jenkins by Agyei*, 491 U.S. 274, 288 (1989), the court is not persuaded that the work at issue here is paralegal rather than legal work. Accordingly, the court rejects Defendants' argument related to paralegal fees.

Defendants also argue that the attorneys' hourly records reflect 4.9 hours expended on clerical tasks, which should not be included in the fees. Dkt. #118 at 5; Dkt. #118-1 at 15. In response, Jones agrees to withdraw 0.9 hours of time – all but one of the clerical task entries identified by Defendants – from the sought attorneys' fees. Dkt. #119 at 3. Accordingly, the remaining "clerical" entry dispute involves Wood's 4.00 hour entry for "compil[ing] time records and expenses." Dkt. #118-1 at 15.

Clerical work is generally not recoverable in an award of attorneys' fees. *Black v. SettlePou, P.C.*, No. 3:10–CV–1418–K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014) (citing *Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001)). Courts consider "the following tasks to be clerical or non-legal: calendaring, organizing documents, reviewing correspondence, updating files and binders, copying documents, loading and organizing computer databases (such as Summation/Ringtail/Concordance), and mailing or delivering documents." *Kimberly-Clark Corp. v. Factory Mut. Ins. Co.*, No. CIV A 305-CV-2097-B, 2008 WL 1958998, at *7 (N.D. Tex. Apr. 30, 2008). The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). Here, while Jones contends Wood's four hour entry is legal because "time and expense entries must be reviewed for attorney-client privilege, appropriateness for inclusion in a fee request, and clarity," the court notes the entry states it is for *compiling* documents, not reviewing them. Dkt. #119 at 3; *see* Dkt. #118-1 at 15. Because it is the plaintiff's burden to establish the amount of legal hours expended, the

court finds that Wood's contested entry is clerical in nature. Therefore, the court will reduce the total hours billed by 4.90.

### 3. Block Billing

Defendants also argue the court should reduce the attorneys' fee award by 20% because Jones's attorneys engaged in block billing. Dkt. #118 at 5. Jones responds her attorneys did not engage in block billing. The court agrees. "Block billing is the practice of including 'the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund,* No. 3:09-CV-0752-D, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (quoting *Glass v. United States*, 335 F. Supp. 2d 736, 739 (N.D. Tex. 2004)). Here, the "block billing" identified by Defendants is in fact an itemized list of specific tasks, like the 1.20 hour entry stating: "read, review and note Defendant's PRA Answer and Affirmative Defenses, prepare notes for motion to strike." Dkt. #118-1 at 4. Therefore, Defendants' block billing argument fails.

### 4. General Inefficiencies in Billing

Despite Jones's contention that her attorneys have written off 32 hours, Defendants argue that Jones's attorneys have not demonstrated adequate billing judgment and the billing records display various billing inefficiencies. Accordingly, Defendants argue the court should impose various percentage reductions in the total award, like a 5% reduction because of "excessive overbilling" caused by "the excessive time taken on certain tasks, specifically reading." Dkt. #118 at 5-6.

Upon review of the evidence, the court does not find any percentage reduction warranted. The record does not reveal that Jones's attorneys overbilled by taking "excessive time" to read

relevant legal documents.[5] Furthermore, no percentage reductions are warranted by the court's above analysis, and Defendants have failed to articulate another instance of "billing inefficiencies." *See id.* Therefore, the court rejects Defendants' billing inefficiencies argument.

### C.   *Johnson* Factors

Highlighting her attorneys' high degree of success and the vindication of an important consumer right, Jones requests the court increase the lodestar total under the *Johnson* factors back to the full amount of requested attorneys' fees. *See* Dkt. #108 at 11. In response, Defendants argue the *Johnson* factors warrant a downward adjustment of Jones's fees because this is an FDCPA case brought on well-trod ground, there were no novel issues presented, no particularly difficult briefing, and only a day-long trial. *See* Dkt. #118 at 10. As reflected in the parties' sparse briefing on these factors, some of the *Johnson* factors are neutral, some marginally tilt in favor of Jones, and others in favor of Defendants. Nonetheless, after carefully considering the evidence and the *Johnson* factors, the court finds that no adjustments under the *Johnson* factors are warranted.

### D.   Costs

Jones seeks $1,476.49 in filing fees and costs. Defendants final contention is that Jones's costs should be reduced by $851.49 because she "does nothing to substantiate the costs above filing and services." Dkt. #18 at 11. Based on this contention, Defendants argues Jones's costs should be reduced to $625, the costs for filing and service of the Complaint. *Id.* In response, Jones alleges the $851.49 was spent on nonrefundable travel arrangements for the later-canceled Fifth Circuit oral argument. Dkt. #108-1 at 14; Dkt. #119-1.

---

[5] For example, the court does not find Chatman's 1.00 billing entry for reading, reviewing, and taking notes on Defendant's Motion to Strike and Motion for Leave to File Sur-Reply (both totaling fifteen pages) excessive. Moreover, paying opposing counsel's expenses for litigation decisions, like filing a motion for an extension of time, is part of paying attorneys' fees.

11

The FDCPA and TDCA allow a successful plaintiff to recover costs, including filing fees. 15 U.S.C. § 1692k(a)(3); TEX. FIN. CODE § 392.403(b). However, under Texas law, travel has been determined to be a nonrecoverable cost. *Bentson v. Chyma*, No. 415CV00523ALMCAN, 2017 WL 7513317, at *5 (E.D. Tex. Dec. 11, 2017), *report and recommendation adopted*, 4:15-CV-523, 2018 WL 780587 (E.D. Tex. Feb. 8, 2018) (citing *Shenandoah Assocs. v. J & K Properties, Inc.*, 741 S.W.2d 470, 486 (Tex. App.—Dallas 1987, writ denied)). Similarly, "[i]t is well settled that attorney travel expenses are not recoverable under § 1920." *Jensen v. Lawler*, 338 F. Supp. 2d 739, 746 (S.D. Tex. 2004) (citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993)); *Magdalena Eubank v. Lockhart Indep. Sch. Dist.*, 1:15-CV-1019-RP, 2017 WL 2973990, at *2 (W.D. Tex. July 12, 2017). Accordingly, Brown's travel and lodging costs are not recoverable, and the court will only assess $625 in costs against Defendants.

## IV.  CONCLUSION

In summary, the court finds Chatman, Wood, and Zimmer have an appropriate hourly rate of $300 per hour, and Clark and Brown have an appropriate hourly rate of $400 per hour. Furthermore, Chatman and Wood reasonably spent 105.40 hours on this case,[6] Zimmer spent 32.10 hours, Clark spent 21.80 hours, and Brown spent 107.20 hours. Accordingly, the lodestar amount is $92,850. As noted above, no adjustments under the *Johnson* factors are warranted. Adding in the $625 in costs to the lodestar amount, the court grants Jones's Motion for Attorneys' Fees and Costs in part, and awards Jones $93,475 in attorneys' fees and costs. Dkt. #108.

## V.  RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Plaintiff's Motion for Attorneys' Fees (Dkt. #108) be **GRANTED IN PART AND DENIED IN PART**. Specifically,

---

[6] This amount takes into account the above-described reductions for interoffice communications and clerical work.

the undersigned **RECOMMENDS** that Defendants pay Jones, by and through her counsel, reasonable attorneys' fees in the amount of $92,850 and costs in the amount of $625.

## VI.    Objections

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

SIGNED October 26, 2020.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE